Vanslyck v. Mills & Co.

VANSLYCK, Sheriff, etc., v. MILLS & Co.

1. Instructions; CONFLICT. It is prejudicial error to give to the jury conflicting and inharmonious instructions.

2. Judicial sale: CONDITIONAL BIDS. In an action to recover an amount bid by the defendant at an execution sale, he may defeat a recovery by showing that the sheriff stated at the sale that the amount to be bid was to be first applied in discharge of incumbrances on the property, and the overplus, if any, applied on the execution, and that defendant made his bid on that understanding or condition, which has never been complied with.

3. —— INTEREST OF MORTGAGOR OF PERSONALTY. The mortgagor of personal property has no interest therein which can be made the subject of levy and sale, and, hence, a bid therefor at execution sale will be held to be without consideration, and not enforceable.

*Appeal from Polk Circuit Court.*

THURSDAY, JULY 25.

THIS action is brought to recover the amount of an alleged bid at a sheriff's sale of property. The petition

alleges that, at the July term, 1870, of the Polk circuit court, the Cleveland Paper Co. recovered a judgment against Orwig & Co. for $582.92 and costs; that execution was issued on said judgment, and was by plaintiff, as sheriff, levied upon one printing press, the property of Orwig & Co.; that after appraisement and giving due notice of the sale, etc., and on the 30th day of September, 1870, the sheriff offered said property for sale, and thereat the defendants bid therefor $565, which was the highest and best bid, and the same was struck off to them at said bid; that they refused to pay said bid, and took said property and converted it to their use; that James A. Williamson was the owner of the said judgment and entitled to the proceeds of sale. Plaintiff asked judgment for the bid and interest, costs, etc.

The defendants, for answer, denied each and every allegation of the petition, and also averred that said property was incumbered by mortgages to a large amount; that the sheriff represented at the sale that the amount bid by any one at the sale was to be first applied to the discharge of the incumbrances, and that relying thereon, etc., the defendants bid the amount alleged with the understanding that it was to be so applied, and they offered to so apply it and pay any surplus over to plaintiff, which was refused; that defendants never received said property under said bid, and never converted it to their use in any manner whatever; that it was taken possession of directly after the sale by B. F. Allen under one of the mortgages upon it.

The cause was tried to a jury, who found a verdict for plaintiff for the amount of the bid and interest. The defendants appeal. See opinion for further facts.

*Withrow & Wright* for the appellants.

*Barcroft & Gatch* for the appellees.

Vanslyck v. Mills & Co.

COLE, J. — The main issue of fact, between the parties in this action, was whether the bid made by the defend-
1. INSTRUC- ants at the sale, was an unconditional bid, or
TIONS: con-
flict. whether it was a bid with the condition or understanding that the amount of the bid should be first applied in the discharge of certain incumbrances upon the property, and the surplus, only, upon the execution. Upon this question there was a manifest and recognized conflict in the testimony. As to other facts there was no dispute. These were, in part, that there was a mortgage upon the property, prior in time and paramount in lien to the plaintiff's judgment, and which was for $308, and was owned by J. B. Miller; that there was another mortgage, also, upon the property for $958.46 made October 5, 1868, to Schofield, Marder & Co., and owned by B. F. Allen; that defendants had some interest in, or arrangements for this latter named mortgage; that, after the sale and pending this controversy, the sheriff, in order to protect himself, took from said Allen his receipt for the property, and Allen afterward disposed of the property for his own benefit, under the mortgage; that the plaintiff disputed this Allen mortgage, and denied that it was any lien on the property in controversy; that the property was worth about $1,000, but was appraised at $1,300, and as subject to the Miller mortgage, as a prior lien of $308, so that the two-thirds value required to be bid, so as to make a sale of it, was $562, the amount of the first bid by plaintiff Williamson, and which was raised to $565 by defendants, either by absolute or conditional bid; and that, afterward, they offered to rescind their bid.

Upon this main issue between the parties, the court gave instructions to the jury, at the request of each party. We copy, one of each, alternately, selected at random.

For the plaintiff: "That purchasers are presumed to know the law, and cannot set up their understanding as to the application of the purchase-money to defeat the

VOL. XXXIV — 48.

recovery of the amount bid, and for which the property was struck off."

·For the defendants : " If the jury find from the evidence that at the time the defendants made the alleged bid, they claimed and understood that their said bid was to be applied in extinguishment of prior liens, then they had a right to rescind said bid as soon as they were informed that it was not to be applied in such manner ; and if you find that they did rescind said bid when they were so informed, then they are not liable on such bid."

For the plaintiffs: " That the sheriff has no right or authority to make any agreement or arrangement with bidders for property at execution sale as to the application of the proceeds of the sale."

For the defendants : " If a bid was made by defendants, coupled with a condition, it was the duty of the sheriff to reject it; and if it was not ratified by the plaintiffs and defendants in the action, it was no sale, and the plaintiffs cannot recover without showing a ratification by the parties, and a performance of the condition."

For the plaintiffs: " It makes no difference what the understanding of the defendants was as to the conditional character of the bid. If the sheriff was not a party to the understanding, it is no defense to an action on the bid."

For the defendants : " If the bid by defendants was made with a condition annexed, they are bound only upon the performance of the condition. A conditional bid cannot be converted or changed into an absolute bid without the consent of the bidders."

It is not necessary to set out at length any more of the instructions. The foregoing are fair examples of all that were given; ten being given for each party. Upon a first reading they appear, and, upon close inspection and critical examination, they will be found to be in conflict with each other, singly and collectively ; or, at the very best that can be said for them, and putting it in very mild language, they

are inharmonious and misleading. Where instructions of such character are given, it is a sufficient reason for reversing a judgment, and it has been so held by this court. See *Davis* v. *Strohm*, 17 Iowa, 421.

But, further than this, it appears to us that several of the instructions given for the plaintiff were erroneous. Take, for instance, the first instruction above set out. If, as the testimony tended strongly to establish, the sheriff stated that the amount bid was first to be applied in discharge of the liens, and the overplus, if any, applied on the execution, and the defendants, so understanding it, made their bid, surely, if the amount of their bid was demanded of them, to be applied on the execution, leaving the liens still on the property, and to be thereafter paid or litigated by the purchasers, they might set up their understanding as to the application of the purchase-money, to defeat a recovery of the amount bid. Any other rule would be inequitable, and effectuate great injustice. It would be a cheat and a snare.

2. JUDICIAL SALE: conditional bid.

Take the second one above set out, as given for the plaintiff, that the sheriff has no right or authority to make any arrangement with bidders as to the application of the proceeds. Suppose, in this case, the defendants had owned the Miller mortgage, and they had bid a certain amount, say $873, with the condition that $308 of their bid should be applied in discharge of that mortgage, leaving $565 to be applied on the execution. Might not the sheriff make such an arrangement? The question itself awakes an affirmative answer in response. But the misleading error of the instruction is, that it manifestly implies that a bid with a condition annexed, became absolute, by reason of the want of authority in the sheriff to agree to the condition. And, so of the third, given for the plaintiff as above set out. It surely does make a difference what the understanding of the defendants was as to the conditional

character of their bid, if their understanding was a just and proper one upon the facts and circumstances surrounding them and the transaction.

II. But, the record discloses one fact which renders our conclusion inevitable. It is true, the appellants counsel

3. — interest of mortgagor of personalty.

do not make the point in their argument and we should not notice it, but for the reason that our silence in the face of the facts apparent upon the record and set forth in this opinion, might be misconstrued into an implied negation of our former decisions. It is this: The property in controversy was mortgaged by the owners, the defendants in the execution, to J. B. Miller, which mortgage, it is conceded, was prior and paramount to the judgment or execution lien; now, we have repeatedly, both formerly and recently, *held*, that in such case, the mortgagor has no interest in the mortgaged property, which can be seized or sold under execution. Such being the case, of course any bid made by defendants, whether conditional or absolute, would be without consideration and not enforceable. See *Campbell* v. *Leonard*, 11 Iowa, 489, and cases cited by LOWE, C. J.; *Torbet* v. *Hayden*, 11 id. 438; *Gordon* v. *Hardin*, 33 id. 550.

Reversed.