## BLAND v. HIXENBAUGH.

1. **Highway**: FENCES: DAMAGES. Where the establishment of a road renders the building of fences necessary, the damages allowed for the appropriation of the land should not be diminished by the value of any advantages which may accrue to the adjacent property, from the erection of the fences.

2. **Instruction**: SPECIAL VERDICT: PRACTICE IN THE SUPREME COURT. When an erroneous instruction could only have been without prejudice if a special verdict of a particular kind had been found, such special verdict will not be presumed for the purpose of sustaining the judgment.

3. **Private way**: PARTITION FENCE. Where a private way between the premises of adjacent land owners is necessary to afford one of them ingress and egress to and from his residence, he cannot be compelled to maintain the fence on his own side of such private way and half of that upon the other side.

4. **Fences**: HIGHWAY. The owner of land through which a highway is established can only recover for the erection of fences such an amount as may be reasonably proper under all the circumstances. The amount expended therefor is not the measure of recovery.

*Appeal from Appanoose Circuit Court.*

WEDNESDAY, OCTOBER 7.

THIS is an action on appeal to the Circuit Court from the Board of Supervisors, on account of damages resulting from the establishment of a highway.

Appellant, in his abstract, submits the case upon the following statement of facts:

The plaintiff, Joseph Bland, is the owner of one hundred and sixty acres of land, through which a public highway is proposed to be located, as shown by the following plat:

There being no fence through plaintiff's farm on the line of the proposed road, the location of the road would, therefore, have the effect of compelling him to build two lines of fence, one on each side of the road, to inclose his farm. Plaintiff has his entire farm inclosed with a fence calculated to turn all kinds of stock, that is to say, tight from the ground up. That plaintiff had one interior line of fence, as shown by plat. That defendant, John Hixenbaugh, owns a farm joining plaintiff on the east and south, there being a lane between the two farms, said lane being used by said defendant as a private way

of ingress and egress to and from his house to the public highway. Plaintiff owning all of the fence on his side of the lane, said fence being about on the line between the two farms, said defendant owning all of the fence on his side of the lane, as also the land in the lane. Plaintiff's farm being inclosed and the fence as above stated built before said defendant's farm was improved or his fence built. Plaintiff claims damage for building two lines of fence through his farm, and half the fence along the line of his south forty-acre tract between him and said defendant along said private way.

After verdict the plaintiff filed his motion for a new trial, which said motion was by the court overruled, and plaintiff excepted at the time.

The motion alleged as error the giving of certain instructions by the court, which were excepted to, and which were assigned as error. Plaintiff appeals.

*Miller & Crosby*, for appellant.

*Tannehill & Fee*, for appellee.

DAY, J.—I. Appellant complains of the giving of the folowing instruction: "If you find that even though no road
1. HIGHWAY: was established, one of the fences along the line
fences: damages.        of said road where it runs through the plaintiff's premises, would be a proper and profitable fence to construct, for ordinary purposes of dividing the farm into fields along such line, and would not be wholly useless but for the road, then that should be considered by you in mitigation of damages, if any, arising from the necessity to construct this one fence, but in determining how much if anything, the damages, if any, arising from this fence are so mitigated if anything, you shall consider whether or not, from the nature or lay of the land, the fence would not be more convenient and profitable dividing the premises into fields some other way."

This instruction is, we think, erroneous. The Constitution, Section 18, Article 1, provides that, "Private property shall not be taken for public use without just compensation first being made, or secured to be made, to the owner thereof, as

soon as the damages shall be assessed by a jury, who shall not take into consideration any advantages that may result to said owner on account of the improvement for which it is taken." The ground over which the road passes, as well as the value of fences which the location of the road renders it necessary to construct, is private property taken for public use, and for which the owner must be compensated. And the compensation to be allowed for the property taken is not to be diminished because of advantages resulting to the owner on account of the improvement. The view of the appellee seems to be that, when the construction of a road through one's premises renders necessary the building of fences on both sides of the road, any advantages which may result from having the farm separated into smaller divisions, result not from the making of the road, but from the building of the fences, and that the case is not within the constitutional provision. But this construction of the constitution we consider too narrow and technical. But for the road the fences would not be required nor built. If the road requires an expenditure, which may in some manner result in benefit to the premises, the benefit as really results from the road as does the damage, or the necessity for the outlay.

Appellee insists that the abstract contains none of the evidence showing the applicability of the instruction. But if there was no evidence to which it was applicable, it was error to give it, whether right or wrong. Appellee further claims that but few of the instructions given are set out in the abstract, and that this may have been, and will be presumed to have been, modified by others. If this instruction contained no erroneous enunciation of law, and was merely defective in not stating enough, or not giving all the modifications to which it was liable, such would be the case. But there could be no modification of this instruction, presenting the law properly upon this subject, without being in conflict with

2. INSTRUCTION: special verdict; practice in the Supreme Court. this instruction. And such conflict would of itself require a reversal of the case. *Van Slyck v. Mills & Co.*, 34 Iowa, 375. But one state of case can be imagined in which this instruction could have worked

no prejudice, and that is, if the jury found specially that the fence in question was not in a place where it would be proper and profitable, for ordinary purposes of dividing the farm into fields to construct a fence. But if anything so exceptional occurred, appellee should have made it to appear in an amended abstract. We will not, for the purpose of sustaining a judgment, presume a special verdict, and that of a particular kind.

II. Appellant also complains of the following instruction: "But if you find that before the establishment of this road, it 3. PRIVATE was necessary in order to afford the adjacent land ROAD: parti-
tion fence. owner ingress and egress, from his residence, to have a private way along said line of road, then he would have the right to maintain said way, so long as necessary therefor, and plaintiff could not compel him to join fences."

This instruction is clearly right. Certainly plaintiff could not compel defendant to close a way necessary as an approach to his house, in order to join fences with plaintiff.

The statement of the case shows that when defendant inclosed his premises, he left this private way entirely on his own land. If it was necessary as an approach to his house he had a right to maintain it, and he could not be required to maintain a fence on his own side of the lane, and half of that on the plaintiff's side. The cases of *Talbot v. Blacklege*, 22 Iowa, 572, and *Bankhead v. Brown*, 25 Iowa, 540, cited by appellant, are not in point.

III. Appellant insists that the following instruction is erroneous: "Under the existing statutes, hogs and sheep are not 4. FENCES: free commoners, but the owners thereof are liable highway. for all damages that may result to land owners by their trespassing upon their premises, and this fact may be considered by you in determining what is the most prudent, economical, and farmer-like fence." This instruction contains no error. Plaintiff can recover the cost of constructing only such fence as is reasonably proper under all the circumstances. He could not recover the cost of building an iron or stone fence, nor a wooden one planed and painted, if his tastes should lead him to desire such fence.

The circumstances named are proper to be considered in determining what kind of structure was proper, or as stated in the instruction most prudent, economical, and farmer-like.

For the error above considered the judgment must be

REVERSED.