THE STATE v. WILLIAMSON.

1, Criminal Law: MALICIOUS MAIMING OF HORSE: IMPLIED MALICE TOWARDS OWNER: INSTRUCTION. In a prosecution for the malicious maiming of a horse, under § 3977 of the Code, the following instruction is approved: "If you find that the injury, if any, was inflicted by the defendant willfully and wantonly, and without any reasonable excuse shown therefor, then the law will imply malice towards the owner."

2. ———: ———: EVIDENCE OF MALICE. Where one, in seeking to restrain another's horse, found running at large, from roaming about, uses means which are unnecessarily harsh and cruel, and thus maims the horse, he cannot be convicted of malicious maiming under § 3977 of the Code without proof of malice toward the owner of the horse, but the means used to restrain the horse may be considered, with other circumstances, in determining the question of such malice.

3. Practice in Supreme Court: REVERSAL FOR REFUSING INSTRUCTIONS ASKED: INSUFFICIENT RECORD. Where an instruction asked was refused by the court below, but the record does not set out all of the in-

structions given by the court, this court cannot reverse on account of such refusal, though the instruction asked is a correct statement of the law; because, in the absence of an affirmative showing to the contrary, it must be presumed that the court correctly instructed the jury on all necessary points, including the points presented in the instruction refused.

### Appeal from Jasper District Court.

### Thursday, March 18.

The defendant was convicted of the crime of willful and malicious mischief, maiming and disfiguring a horse, the property of one B. C. Graves, and was sentenced to pay a fine of $50. He appeals to this court.

*Alanson Clark*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

Adams, Ch. J.—I. The court gave an instruction in these words: "If you find that the injury, if any, was inflicted by the defendant willfully and wantonly, and without any reasonable excuse being shown therefor, then the law will imply malice towards the owner." The defendant assigns the giving of this instruction as error. The statute under which the defendant was convicted is section 3977 of the Code. That section provides that "if any person maliciously kill, maim or disfigure any horse, cattle or other domestic beast of another, * * * he shall be punished," etc. In *State v. Harris*, 11 Iowa, 414, under a similar statute, it was said that "malice towards the owner of the animal is the ingredient of the offense."

1. CRIMINAL law: malicious maiming of horse: implied malice towards owner: instruction.

The evidence in this case tended to show that the defendant tied the prosecuting witness' horse by the lower jaw, and inflicted a wound and injured the horse to such extent as to impair his value. That such injury constituted a maiming is not denied. The defendant, however, insists that the

maiming alone, though inflicted willfully and wantonly, did not necessarily show malice towards the owner, or anything more than cruelty to the animal; and that, if that was all, the defendant was not guilty of the crime charged, but was punishable, if at all, under a different statute. But, in our opinion, the defendant's position cannot be sustained. In the case at bar there was more than cruelty to the animal; there was certainly an injury to the owner. Now, while the evidence taken altogether does not necessarily show any previous hostility on the part of the defendant towards the owner, and the defendant appears to have been actuated principally by a feeling of rage toward the animal, yet if the act was willful and wanton, we think, as the instruction held, that it was malicious, and was so even towards the owner. If the act was willful and wanton, the defendant intended to inflict an unnecessary and inexcusable injury upon the owner, and his malice embraced both the animal and the owner. In our opinion the instruction is correct.

II. The defendant asked an instruction in these words: "If you find the facts to be substantially that the animal of 2. ——: ——: B. C. Graves came to the premises of the defend-

evidence of malice.   ant at night; and that the defendant, at different times, sought to fasten and secure said animal, and prevent him from roaming at large; and that in fact he did tie him at times with a halter and by a rope around the neck, and by a halter or rope around the lower jaw; and that said acts were done without malice towards any human being,—then, even if the animal was severely injured, and even if the means taken by defendant to fasten and secure said horse were unnecessarily harsh and cruel, and the injury was the direct result of such harshness and cruelty, still you will, if you find such to be the facts, acquit the defendant." This instruction the court gave with a modification as follows: "But, while this is so, such unnecessary harshness and cruelty, if established, should be considered by you in connection with the other evidence in determining whether the defendant did

entertain malice towards the owner of the horse." The defendant assigns the modifying of the instruction as error. The instruction asked supposed that the evidence was such that the jury might properly find that the defendant was not actuated by malice towards any human being, and the defendant contends that he was entitled to have the instruction given simply upon that theory. But the court told the jury that the instruction was correct, and then proceeded to add what it did, evidently by way of caution. The danger was that the jury might infer that unnecessary harshness and cruelty towards the animal did not tend to evince malice towards the owner, and the court cautioned the jury to consider that as a circumstance with other circumstances. We think that the caution was not uncalled for, and that the instruction, as a whole, became a very clear and guarded expression of the law.

III. The defendant asked an instruction in these words: "It devolves upon the state to prove to you, beyond a reasonable doubt, that the injury complained of, if done at all, was done on account of malice towards the owner of the property; and in determining this question it is proper for you to consider the act, or manner of committing the act, the explanation of the defendant as to how and why he acted as he did, as well as the relations existing between defendant and the owner of the property." Without denying that the instruction might properly have been given, we have to say that we think that the refusal to give it cannot be regarded as error. The abstract does not contain all the instructions which were given. At least six instructions appear to have been omitted. If they had been set out, we might think that they substantially covered the one asked and refused. Besides, we have to say that even those set out seem to proceed upon the theory that malice towards the owner was an essential ingredient; and upon the question as to whether there was such malice the jury was, of course, entitled to consider

*3. PRACTICE in supreme court: reversal for refusing instructions asked: insufficient record.*

all the evidence bearing upon it. We may say, further, that the court defined "malice" very clearly, and the jury were not left without a sufficient guide in the matter.

IV. The defendant insists that there was no evidence of malice. But, in our opinion, the evidence as to how the horse was tied, and as to the character and extent of the injury, tended to show malice.

Some other errors are assigned, but they are covered, we think, substantially by the views which we have expressed.

We see no error, and the judgment must be

AFFIRMED.