THE STATE v. RICHARDS.

72 17
96 260

1. **Instructions:** ERRONEOUS STATEMENT OF TESTIMONY: PREJUDICE. Where the court in an instruction erroneously stated what the defendant had testified to, and the testimony thus erroneously imputed to him was such that it was contradicted by his own admissions proved on the trial, *held* that the error was prejudicial to him, as tending to impair his credibility as a witness.

2. **Seduction:** EVIDENCE: PERIOD OF GESTATION. The ordinary period of gestation in the human family may be shown as a fact raising a slight natural inference as to the time when a child, born on a certain date, was begotten; but such inference is by no means conclusive, even in the

absence of evidence that the child was premature from sickness, accident or other cause.

3. ————: INSTRUCTIONS: REFERENCE TO ADULT PROSECUTRIX AS A GIRL. Where the prosecutrix in a seduction case was shown to have been twenty-four years old at the time of the alleged seduction, it was objectionable for the court in its charge to make frequent reference to her as "the girl;" but, as her real age was before the jury, no prejudice can be presumed from the strained use of the words.

4. ————: EVIDENCE: COHABITATION: PRIOR INTIMACY. One cannot be found guilty of seduction on the uncorroborated testimony of the prosecutrix alone; and such corroboration is not found in the prior intimacy of the parties, where the only evidence of such intimacy is that they lived in the same family for more than a year, and that during that time the defendant escorted the prosecutrix once to church, and once to an entertainment at a public hall.

*Appeal from Lucas District Court.*

WEDNESDAY, JUNE 15.

THE defendant was convicted of the crime of seduction, and sentenced to imprisonment in the penitentiary for the term of fifteen months. He appeals.

*T. M. Stuart* and *Dungan & Leech*, for appellant.

*Mitchell & Penick* and *A. J. Baker, Attorney-general*, for the State.

ADAMS, CH. J.—The defendant was charged with the seduction of one Eliza A. Wallace. She was at the time of the alleged seduction living witht he defendant's mother, and the defendant was living in the same family. The prosecutrix testified that the seduction took place on the night of the 27th of April, 1885, in the house of the defendant's mother, and in her absence from home; and showed, we think, that her consent was gained in about five minutes after the first solicitation, and by a promise of marriage made then for the first time. It does not appear that the defendant had ever kept company with her as a suitor, or had sustained any relation to her except such as arose from the fact that she was a member of the family in which the defendant was living.

I. According to the testimony of the prosecutrix, the alleged seduction resulted in pregnancy. It is undisputed that a child was born to her December 27, 1885. The defendant testified that he did not have intercourse with her at any time during the month of April of that year, nor prior thereto. He did not testify that he did not have intercourse with her later. The court, in an instruction to the jury, said: "The defendant says that he did not have sexual intercourse with her in April, or at any other time." The defendant complained of this instruction, and assigns the giving of it as error. The objection urged is that the court represented the defendant as making a statement in which he was contradicted by other witnesses, and by reason of the instruction his credibility was unduly impaired. It is not denied by the state that the court had forgotten or misunderstood the evidence, and the fact was that the defendant did not deny that he had intercourse with the prosecutrix subsequent to April. But two witnesses for the state, one Hall and one Myers, had testified to admissions of the defendant to the effect that he had intercourse with the prosecutrix, though it did not appear from the admissions when it was. If, then, the jury believed that the defendant testified as the court said he did, they must have believed that he was contradicted by the testimony of Hall and Myers, whereas, taking his testimony as he gave it, his testimony and his admissions, as testified to by Hall and Myers, might both be true, and so his testimony stand unimpeached, so far as the testimony of Hall and Myers is concerned.

The position of the state is that the defendant was not prejudiced by the misstatement; but it appears to us otherwise. The date of the child's birth is fixed beyond dispute. The usual period of gestation being nine months, the natural inference arising therefrom was that the child was not begotten later than April; and if the jury had believed that the child was begotten in April or earlier, and had believed the

testimony of the defendant, they could not properly have found him guilty of seduction; and that, too, even though they had believed the admissions testified to; for it would follow, upon the supposition above made, that the defendant had intercourse with the prosecutrix only after the child was begotten, and when she was not a chaste woman. It was of great importance to the defendant that his credibility should not be improperly broken down, and we think that the instruction, taken in connection with the evidence as to his admissions, had a direct tendency to produce that effect.

The defendant asked an instruction in these words: "In the absence of evidence showing the premature birth of a child,

2. SEDUCTION: the law will presume that it was born after the
evidence: usual and ordinary period of gestation in the
period of ges-
tation. human family; and if you find that the prosecuting witness gave birth to a child on the 27th day of December, 1885, and there is no evidence showing that the birth of said child was premature from sickness, accident or other cause, then you may and should from such facts find that the prosecuting witness had sexual intercourse with some man about nine months prior to the date of the birth of the child." The court refused to give this instruction, and the defendant assigns the refusal as error. In our opinion, the court did not err. If the doctrine contended for were to be sustained, it would follow that every child born within less than the ordinary period of gestation from the time of marriage would be presumed in law to have been begotten out of wedlock, unless it could be shown that the birth was premature from sickness, accident or otherwise; and that, too, in contravention of the positive testimony of the mother that the child was not begotten out of wedlock. The ordinary period of gestation may be shown as a fact raising a slight natural inference as to the time when a given child was begotten, but such inference is by no means conclusive, even in the absence of evidence that the child was premature, from sickness, accident or otherwise. The most

we can say is that the inference is to be taken for what it is worth, in connection with the other evidence in the case.

III. The court in its instructions to the jury spoke of the prosecuting witness as " the girl." It is stated by the defendant's counsel that the court used these words nineteen times. We have not verified the statement by count, but observe that the words were used frequently. The evidence shows that the prosecuting witness, at the time of the alleged seduction, was twenty-four years old. The defendant claims that she was in no proper sense a *girl*, and that the court improperly designed to suggest an explanation of what was contended by the defendant to be incredible, that a chaste woman should yield to a man's embraces on a promise of marriage, without previous courtship, and within about five minutes from the time of first solicitation. The jury had before it the evidence as to what the age of the prosecutrix was, and we hardly think that we should be justified in reversing upon such grounds. As, however, the case is to be remanded for another trial, we feel called upon to say that the use of the words in question is not, we think, without objection. While they could hardly be regarded as sufficient to mislead the jury in regard to the prosecutrix's age, they might be understood as evincing a feeling on the part of the court against the defendant. The court used the words in a strained sense. The case was certainly not one of a girl yielding to the embraces of a man, nor, on the other hand, was it a case, as the defendant claims, of a woman yielding to the embraces of a boy. There does not appear to have been anything in the respective ages of the parties to justify any allusion to the subject.

3. ———: instructions: reference to adult prosecutrix as a girl.

IV. The defendant claims that the prosecution was not corroborated by any evidence whatever. It is not denied by the state that she should have been, in order to justify a conviction; but it is contended that she was in fact corroborated, and the court instructed the jury upon the theory that there was evidence by which

4. ———: evidence: corroboration: prior intimacy.

they would be justified in finding that she was corroborated. The court thought that the jury might find corroboration in the evidence tending to show the relations and intimacy of the defendant and prosecutrix. The defendant denies that any such relations and intimacy were shown. The fact is, she had lived in the family as an inmate on two occasions, and several months at a time, and had the entire confidence of the defendant's mother. That we may not do the counsel for the state injustice, we will set out what they say about it. The language is this: "Living, as she did, with Mrs. and Frank Richards, the three living alone, eating at the same table, sleeping under the same roof, conversing together every day, as they would under such circumstances, in the very nature of things a thorough acquaintance would come about, and an intimacy to a greater or less extent spring up. Twice, at least, the defendant took her out in company,— once to church, and once to an entertainment at a hall." This is the relationship and intimacy relied upon as tending to show that the defendant had gained control of the prosecutrix's affections, or at least had so far paved the way for a proposition of marriage as to relieve from strangeness a proposition made for the first time in the midst of a physical struggle for sexual intercourse. But, to our mind, the relation seems to have been a mere family relationship, and such as exists in no small portion of all the households, and entirely consistent with absence of affection or show of affection. The case is noticeable for the want of attention on the part of the defendant. The prosecutrix lived in the family more than a year. During that time the defendant escorted her once to church and once to an entertainment at a public hall. We think that we should be going too far to say that the facts relied upon corroborated the prosecutrix.

The judgment must be

REVERSED.