STATE OF IOWA v. HENRY W. LAUDERBECK, Appellant.

**Evidence: Seduction.** That a child was born within two hundred and thirty-eight days after the alleged intercourse and within two hundred and fifty-eight days after the last catamenia does not disprove prosecutrix's testimony as to her being seduced, where it is shown that a fully developed child may be born within two hundred and sixty days after the last menstrual flow.

**CORROBORATION** becomes a jury question when it is shown that defendant, before the alleged seduction, often visited prosecutrix and took her out riding, wrote love letters to her, broadly hinting at marriage, that after the child was born he stated his willingness to marry her, and that on the night of the alleged seduction the light was put out in the room where they were sitting.

**Practice: INSTRUCTIONS** will not be reviewed where the abstract does not purport to set all of them out.

IMPEACHING VERDICT: *Affidavits.* Affidavits stating that the jury did not consider the testimony of medical experts, that one juror said that the judge would set a verdict of guilty aside if it was not right, and that an unmarried juror consented to the verdict because he relied on the judgment of the married jurors, cannot be considered, and a new trial will not be granted upon them.

*Appeal from Warren District Court.*—HON. A. W. WIL-KINSON, Judge.

TUESDAY, DECEMBER 10, 1895.

The defendant was indicted, tried, and convicted of the crime of seducing one Stella Arnold, and he appeals.—*Affirmed.*

*H. McNeil* for appellant.

*Milton Remley,* attorney general, for the state.

Deemer, J.—The indictment accused the defendant of having seduced one Stella Arnold, on or about the eighteenth day of September, 1892. The evidence

tends to show that he had intercourse with her three different times on the night of that day. A child was born to the prosecutrix on the fourteenth day of May, 1893, which she claims is the result of this illicit commerce. It is claimed on behalf of appellant that the testimony of the prosecuting witness as to the alleged seduction is not sufficiently corroborated. The evidence offered by the state as corroboratory is to the effect that the defendant visited the prosecutrix quite often, and frequently took her buggy riding, before the alleged seduction; that he was with her at different times, and wrote her letters, in which he expressed his love for her, and broadly hinted at marriage. After the birth of the child, defendant was arrested, and was taken to the house where the prosecutrix resided; and there is testimony to the effect that while at this house he stated his willingness to marry the girl; that he loved her, and would have married her before, but had no place to take her; and that he would come back in a few days, and make it as near right as he could. There is also testimony from others than the prosecutrix that on the night of the alleged seduction the light was extinguished in the room in which defendant and the prosecutrix were sitting, and that the parents of the girl compelled her to relight it. The general rules with reference to the subject of corroboration are well understood, and the application of them to this case makes it plain that there was testimony which, if believed, sufficiently met the requirements of the statute. That the crime charged was in fact committed may be shown by the testimony of the prosecutrix alone. The corroborating testimony must be such as tends to connect the defendant with the commission of it. It may be in the form of admissions made by the defendant, or it may be to the effect that defendant was a suitor of the prosecutrix, and that the

parties kept company together, and acted towards each other as lovers usually do. Some, if not all, of these matters were testified to in this case by others than the prosecutrix, and it was for the jury to determine whether the prosecutrix was sufficiently corroborated. Having found that there was sufficient corroboration, we cannot interfere with the verdict.

II. Defendant also contends that there was no seduction, even if the testimony of the prosecutrix be believed. We cannot agree with him in this contention. The testimony of the prosecutrix, if accepted as true, clearly shows that she was seduced.

III. It is also claimed that there was no seduction, because, according to the evidence, the child was born within two hundred and thirty-eight days after the sexual intercourse is said to have taken place; and that this is so unusual, in the ordinary course of events, that the testimony of the prosecutrix should be stamped as untrue. We have heretofore had occasion to consider this question in the case of *State v. Richards*, 72 Iowa, 17 (33 N. W. Rep. 342), and we there said: "The ordinary period of gestation may be shown as a fact raising a slight natural inference as to the time when a given child was begotten, but such inference is by no means conclusive.  *  *  * The most that can be said is that the inference is to be taken for what it is worth in connection with the other evidence in the case." The testimony here tends to show that the prosecutrix's last menstrual flow was on August 29, 1892. The child was born May 14, 1893, or two hundred and fifty-eight days after this last manifestation of nature. According to the evidence, fully developed children may be born within two hundred and sixty days of the last day of catamenia, and cases are reported in which the time was but two hundred and forty days from the time that conception took place. Manifestly, we cannot disturb the verdict

because the period of gestation was shorter than usual.

IV. It is said that there was no seduction, because the prosecutrix was not of "previous chaste character." There was a conflict in the evidence on this point, and the jury evidently believed the witnesses for the state. It is not for us to say that their testimony should have been disregarded.

V. Certain errors are assigned on the admission and rejection of testimony. We have examined them all, and discover no error. Every question presented has heretofore been ruled by this court adversely to appellant. Some of the instructions are also complained of. They seem to announce the law in a plain and unambiguous manner, and are unobjectionable. Moreover, the abstract does not purport to set out all of the instructions. In order to say that there was error we must have them all. *State v. Stanley,* 48 Iowa, 221; *State v. Nichols,* 38 Iowa, 110.

VI. Defendant moved for a new trial on account of alleged misconduct of the jury, and in support of the motion filed affidavits to show that the jury did not, in their deliberations, pay any attention to the testimony of the medical experts; that one of the jurors said that if they did find a verdict of guilty and it was not right, the judge would set it aside; and that another juror, who was an unmarried man, consented to the verdict because he relied upon the judgment of the other jurors, who were married. These are all matters which clearly inhere in the verdict, and they cannot be shown by affidavit for the purpose of impeaching it. We have examined the whole record with care, and find no error. The judgment is therefore *affirmed.*