C. F. KREUGER v. C. A. SYLVESTER, Appellant.

100  647
115  542

100  647
120  480

100  647
127  453

**Evidence:** IMPEACHMENT. A witness cannot be impeached by proving contradictory statements made out of court, where no foundation has been laid therefor.

MORTALITY TABLES. A mortality table, shown to be a standard table used by leading life insurance companies, is admissible in evidence. Whether such showing is essential, is not decided.

SHORTHAND REPORT IN CRIMINAL CASE: *Admissibility in subsequent civil suit* In a civil action for assault and battery, it was not error to admit the evidence of a witness taken in shorthand on the trial of defendant for assault to commit great bodily injury on plaintiff, involving the same assault, in which said witness was fully cross-examined, where the proper foundation was laid, and the reporter who took the notes testified at the civil trial as to what the witness said in the criminal trial.

**Amendment in Trial.** An answer stated that plaintiff had transferred his cause of action to his attorneys, and was not the real party in interest. The reply denied any assignment except as

security for attorney's fees, and averred that such assignment was after action brought. *Held*, that an amended reply filed at the trial, containing only a denial, did not present a new issue.

DISCRETION. Even if the last reply presented a new issue, the trial court did not abuse its discretion in allowing it to remain on file.

ASSIGNMENT OF ACTION: *Abatement*. An assignment by plaintiff of his cause of action to his attorneys as security for their fees, after the commencement of the action, will not prevent the action from continuing in the name of the original plaintiff.

HARMLESS ERROR. If this ruling was erroneous, it was harmless, since the assignment was not absolute, but merely a contract for contingent fees.

EXEMPLARY DAMAGES. A petition in an action for assault and battery may be amended so as to ask for exemplary damages on facts set forth in the original petition.

Remarks of Judge. A statement by the court, in an action for assault and battery, in reply to a statement by defendant's attorney that a mechanic might resist to any extent before allowing an article left with him for repair to be taken before payment for such repairs, that a person could not go to the extent of killing a man to protect a small claim, is not prejudicial to defendant.

Appeal: ABSTRACTS. The evidence cannot be considered on appeal where appellant's abstract does not state that it contains all the evidence and there is no statement or certificate from the attorneys that it embraces any or all of the record on which the case was tried, though appellee files an amended abstract supplying some parts of the record, which denies that the two abstracts, together, contain all the evidence on any particular point.

INSTRUCTION. Alleged error in instructions will not be considered on appeal, where the record does not contain all the instructions, and those given announce correct abstract propositions of law.

*Appeal from Floyd District Court.*—HON. P. W. BURR, Judge.

SATURDAY, JANUARY 23, 1897.

ACTION at law to recover damages for an alleged assault and battery. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Boulton & Brown* for appellant.

*H. F. Fitzgerald* and *J. S. Root* for appellee.

DEEMER, J.—The appellant's abstract does not state that it contains all the evidence introduced upon the trial, nor is there a statement, or certificate, from the attorneys that it embraces any, or all, of the record upon which the case was tried and determined in the court below. Appellee has filed an amended abstract, supplying some parts of the record; but, in this, he denies the correctness of many of the pleadings and exhibits set forth in appellant's abstract; denies that the abstract contains all the instructions, and asserts that the instructions were not excepted to; denies that the two abstracts contain all the evidence, or all the evidence on any particular point; denies that the evidence was properly made of record, by bill of exceptions, or otherwise. The only reply to these denials is found in appellant's argument. In this he "admits" that he has set out only sufficient of the record to show fairly that part of it which he claims is error; and he further sets out a skeleton bill of exceptions, signed by the judge of the district court, which seems to have been filed within the time allowed by law.

The condition of the record is such that we cannot examine any question involving a consideration of the evidence. Turning now to those matters which we may review, we find the first error assigned relates to rulings on the pleadings. The defendant filed a supplemental answer, in which he stated that the plaintiff had sold and transferred his cause of action to his attorneys, and that he was not the real party in interest. To this supplemental answer, plaintiff filed a reply, denying that any assignment of the cause of action was ever made to his

attorneys except as security for their fees, and avers that this assignment was made after the action had been commenced. While the trial was in progress, the plaintiff submitted a reply, denying the allegations of the supplemental answer. To this, defendant filed a motion to strike. The motion was overruled, and defendant excepted. We think the ruling was right. The first reply was practically a general denial, but it was incumbered with an admission that some sort of an assignment was made as security for fees. The substituted denial presented no new issue, but, if it did, we are not prepared to hold that the court abused its discretion in allowing it to remain on file. If the ruling be said to be erroneous, the error was without prejudice, for the reason that the so-called "assignment" was not an absolute one. It was a contract for contingent fees, and, as such, it did not transfer the cause of action. Again, the assignment was made after the action was commenced, and it was perfectly proper for the court to allow the case to proceed in the name of the original plaintiff. McClain's Code, section 3766; *Chickasaw County v. Pitcher*, 36 Iowa, 593.

II. Early in the trial, and before resting his case, plaintiff filed an amendment, praying for exemplary damages. He made no additional allegations of fact, but simply demanded five thousand dollars as additional damages, on the facts already pleaded. Defendant moved to strike this amendment. His motion was overruled, and this ruling presents the second question argued by counsel. We do not think the court abused the discretion vested in it in such matters, and find no just ground for complaint.

III. During the trial the defendant filed a motion to dismiss the case, because it appeared that plaintiff

was not the real party in interest, because of the assignment of the cause of action before referred to. This motion was properly over-ruled, for the reasons stated in the first paragraph of this opinion.

IV.   Defendant complains of some of the instructions given by the court.   We cannot consider this complaint, for the reason that we do not have all the instructions before us.   *State v. Lauderback,* 96 Iowa, 258 (65 N. W. Rep. 158); *State v. Stanley,* 48 Iowa, 221; *State v. Nichols,* 38 Iowa, 110.   The instructions seem to announce correct abstract propositions, and we see no error in those which are embodied in the record.   There was certainly no such error as that it may not have been cured by other instructions.

V.   In presenting his views of the law to the trial court, the following colloquy occurred between counsel and the judge presiding:   Upon the final argument of the case, Mr. Boulton, attorney for the defendant, argued at considerable length to the court that, where a mechanic did work in repairing a sled, he was entitled to retain possession thereof, as against party leaving same with him until he was paid, citing a number of authorities.   As he seemed about to continue his argument on that line, the court interrupted him, and said there was no need of citing further authorities on that proposition, as it must be conceded by all.   He then read from his typewritten brief an authority, which seemed to the court to be to the effect that, where a person undertook to take by force an article left for repair with a mechanic, the mechanic might resist to any extent before allowing same to be taken before payment for repairs, and said to the court that there could be no doubt but what that was the law also.   The court then said:   "I don't think that is the law."   Mr. Boulton then said:

"This authority so holds." The court then said: "It certainly can't be the law that a person could go to the extent of killing a man to protect a claim of two dollars and fifty cents. The law does not hold human life so cheap as that." This occurred in the presence of the jury. It does not appear that any exception was taken to the remarks of the court; but, if proper exceptions were taken, we do not think the defendant has any ground for complaint. The court announced a correct rule of law, and no prejudice resulted. Bishop, Cr. Law, sections 861, 862-875, 706, 656.

VI. Appellee introduced on the trial the evidence of one George Meggitt, taken in a criminal proceeding had previous to the trial of this case, wherein appellant was tried under an indictment for assault with intent to commit a great bodily injury upon appellee. Error is assigned upon the admission of this evidence. As we do not have all the evidence adduced, we must presume that sufficient preliminary proof was offered to make this evidence competent if it was admissible under any state of facts. It appears that the evidence was taken in short-hand on the trial of the criminal case, and the reporter who took it was present at this trial, and gave testimony as to what Meggitt said in the former proceedings. We think that if the proper foundation was laid, as we must assume it was, the evidence was admissible, for it appears that the witness Meggitt was fully cross-examined by counsel at the trial of the criminal case, and, although the parties are not precisely the same, yet such evidence is almost universally admitted. Greenleaf, Ev., section 164; *Charlesworth v. Tinker*, 18 Wis. 633, and cases cited; Bradner, Ev., page 313; Code, section 3777. The admissibility of such evidence seems to turn on the right to cross-examine, rather than on the precise identity of the parties.

VII. Complaint is made of the ruling of the court permitting plaintiff to introduce what is known as the "American Table of Mortality." This was shown to be a standard table, used by leading life insurance companies. and was properly admissible. We do not wish to be undestood as holding that such tables must be proved to be so used before being received in evidence. We merely say that, if such evidence is required, it was furnished in this case.

VIII. Defendant sought to impeach the evidence of Meggitt by proving contradictory statements made out of court. As no foundation was laid for this kind of evidence, the court properly rejected it.

Some other questions are discussed by counsel, but they are all disposed of by what has heretofore been said. We discover no prejudical error in the record, and the judgment is AFFIRMED.