J. I. McDowell, Administrator, Appellee, v. Interstate Oil Company, Appellant.

No. 40877.

June 20, 1931.

Rehearing Denied October 5, 1931.

Jepson, Struble & Sifford and W. A. Dutton, for appellee.

Brackney, Farr & Stockman, for appellant.

KINDIG, J.—Joe Robert McDowell, when seven years old, died in Sioux City, December 22, 1926, as the result of a collision between a motor truck, owned by the Interstate Oil Company, defendant and appellant, and a small sled on which the boy was coasting. This collision occurred in Sioux City at the intersection of Summit and Eleventh Streets.

Summit Street extends in a northerly and southerly direction and is intersected at right angles by Eleventh Street, which runs east and west. These streets are very steep at the intersection. Eleventh Street slopes to the west, while Summit slants to the south. The accident occurred in the afternoon when Joe Robert McDowell was coasting westward on the south side of Eleventh Street across Summit. At the time, a motor truck, belonging to the appellant, was being propelled by an employee southward down Summit Street across the intersection with Eleventh. As the motor vehicle approached the center of the intersection, the boy on his sled also arrived, and ran under the truck. Apparently the operator stopped the vehicle at the southwest corner of the intersection, and, after it was brought to a standstill, the truck swung around on the ice and the rear wheels held the child at the west Summit Street curb, south of Eleventh.

An action was started by J. I. McDowell, administrator of the estate of Joe Robert McDowell, to recover, from the appellant, damages for the wrongful death. A verdict was returned for the plaintiff, and the defendant appealed. Upon the appeal, the judgment of the district court was reversed. See McDowell v. Interstate Oil Company, 208 Iowa 641. J. I. McDowell, the former administrator, died and Fanny A. McDowell was then appointed administrator de bonis non of the estate of Joe Robert McDowell, deceased. She was afterwards duly substituted as plaintiff in this suit, and is now the appellee on this appeal.

Following the reversal, the cause was again tried, and the jury once more returned a verdict for the plaintiff. Again the defendant has appealed.

Many reasons are assigned for a reversal. They will now be discussed in the following order.

I. Appellee bases her action against the appellant upon the following grounds of negligence: First, that the motor vehicle was propelled at an excessive and dangerous rate of speed;

second, that the motor vehicle was operated at a rate of speed in violation of a city ordinance; third, that the appellant at the time in question did not have the motor truck under proper control; fourth, that the appellant should not have operated its motor vehicle over Summit Street at the place in question because of the ice and dangerous condition resulting therefrom; fifth, that the appellant failed to give any warning signal of the motor truck's approach; sixth, that the appellant operated the motor vehicle on the left-hand side of the street; seventh, that the driver of the vehicle did not keep a proper outlook; eighth, that the windshield was clouded and dirty so that proper observations could not be made from the vehicle; and, ninth, that the driver of the truck, after seeing the boy on the sled, had an opportunity to turn the motor vehicle to the right and thus avoid a collision.

During the trial, two motions were made by the appellant. One motion asked the district court to withdraw from the jury's consideration each ground of negligence above named on the theory that there was no evidence in the record to support the same. In addition to the foregoing, the appellant also moved the court for a directed verdict in its favor on the theory that appellee had not sustained the allegations of her petition by adequate evidence. After consideration, the district court overruled the motion for a directed verdict, but submitted only part of the grounds above named to the jury; thereby in effect partially sustaining appellant's other motion.

So far as shown by the record, the following are the only grounds of negligence above named, which were submitted to the district court: First, that the appellant failed to control the motor vehicle when approaching and crossing the intersection aforesaid; second, that the appellant operated the motor truck at an excessive and dangerous rate of speed; third, that the motor vehicle was operated in violation of a city ordinance; fourth, that the operator of the motor vehicle failed to give any warning signal of the approach; fifth, that the appellant was negligent in operating the vehicle at all over the icy street; and, sixth, that the vehicle should have been turned to the right down Eleventh Street, after the operator saw the boy on the sled, and thereby avoid the injury.

Those propositions condemned in McDowell v. Interstate

Oil Company (208 Iowa 641), supra, were not submitted to the jury in the second trial. Thus, by omitting part of the grounds of negligence named in the petition, the district court did not submit to the jury the propositions discussed in McDowell v. Interstate Oil Company (208 Iowa 641), supra. Nevertheless, appellant contends that no issue should have been submitted to the jury in the second trial, for the reason that the evidence is insufficient.

Manifestly appellant's complaint is not supported by the record. There was evidence to indicate that the motor vehicle, weighing approximately 9,700 pounds, was operated down Summit Street at a speed of 18 or 20 miles per hour. Likewise, it appears that the operator of the truck did not have the same under control because the vehicle skidded across the intersection when the brakes were applied. Furthermore, an ordinance in Sioux City required that "no auto truck of more than one ton capacity equipped with solid rubber tires * * * shall be operated at any time, whether loaded or not, on any paved street, alley, or thoroughfare in Sioux City, Iowa, at a greater speed than twelve miles per hour." Clearly, under the record, the truck belonging to appellant was a vehicle squarely covered by the ordinance, and the evidence supports the claim that the speed limit was being violated. Moreover, there is testimony to the effect that no warning signal of the truck's approach was given at or near the intersection. There is evidence indicating that the driver of the vehicle could have turned the same to the right down Eleventh Street and thus avoided the boy on the sled, who, it is said, turned to the left in order to miss the truck. It is true there is conflicting evidence on this point. A jury question, therefore, was presented. Each of the foregoing grounds of negligence has support in the record, and it was not improper for the district court to submit the same to the jury, for due instructions were given concerning the proximate cause, in compliance with McDowell v. Interstate Oil Company (208 Iowa 641), supra. Of course, if, as said in the former McDowell opinion, lack of control was due to the ice alone, then there would not be negligence unless it was wrongful for appellant to operate the truck down the slippery street.

Also, there is a basis in the record for the other ground of negligence, to wit, that the appellant, because of the icy con-

dition of Summit Street, should not have operated its motor vehicle thereon. When this cause was submitted before, as shown by McDowell v. Interstate Oil Company (208 Iowa 641), supra, appellee contended that there were other safe streets which could have been traveled by appellant's truck. Because of that fact, appellee claimed that it was negligence to propel the truck over the icy Summit Street hill. Appellee's theory was not supported in the record of the former case, as shown by the former opinion. Here, however, in the case at bar, there is evidence from which the jury could conclude that there were other safe and convenient ways over which the truck could be operated and therefore it was negligent for the appellant to drive the truck over Summit Street in view of the unusual ice and the exaggerated slippery condition thereon. Especially is this true because of the size and weight of the truck. See Barret v. Caddo Transfer & Warehouse, 116 So. 563 (La.) ; Savoy v. McLeod, 88 Atl. 721 (Me.).

At least, a jury question is presented on each and all of the foregoing propositions. Not only did the appellee present its case in the trial below on the theory that it was negligence for the appellant to use Summit Avenue in its unsafe condition, in view of the other safe and convenient ways, but likewise appellee contends that the apparent unsafe condition of Summit Avenue created such a situation that it was negligent for appellant in any event to use the dangerous portion thereof. This thought was not considered in the former appeal. According to the record, however, Summit Street at its intersection with Eleventh Street, was a sheet of glaring ice. Such icy condition existed not only at the intersection, but northward up the hill for a long distance. Weather conditions caused an especially slippery surface, and it is said by witnesses that when the heavy truck was coming down the Summit Street hill toward the intersection, it swayed from side to side. So, too, there is evidence to the effect that when the brakes were applied, the vehicle slid across the intersection. Appellant's driver had been over this street before during the same day and knew of the slippery condition. Under those circumstances, the jury could well find that a man of ordinary prudence and care would not have operated this heavy truck over that icy portion on Summit Street because of the extreme slippery condition thereon. Although the motor

truck was equipped with chains, etc., nevertheless there is evidence to indicate that it skidded and slipped and could not be controlled by the driver. Therefore, under all the facts and circumstances it was proper for the district court to submit to the jury the question of the appellant's negligence because it used this portion of Summit Street.

By so deciding, we do not mean to indicate that it is improper to propel a motor vehicle over a public street when the same is icy. Modern transportation requires the use of streets when there are snow and ice thereon. Even though that is true, yet there may develop on a street those extreme conditions of slipperiness which would make it improper for operators who know of the condition to drive vehicles over such dangerous portions. In determining when such situation exists, it is necessary to consider the extent and condition of the ice, the slope of the hill, the weight of the vehicle, and other relevant and material matters.

Obviously under the facts and circumstances in the case at bar, a jury question was presented. Of course, there were denials of appellee's testimony, but the conflict was properly submitted to the fact finding body. That body was told that negligence was immaterial unless it was the proximate cause of Joe Robert McDowell's death. If the jury concluded that the ice was not such as to make it imprudent for the operator to go over the street, then the other grounds of negligence, if any, which this alleged act of negligence may have otherwise prevented from being the proximate cause, might become the proximate cause. Therefore, each ground of negligence was properly submitted under the instructions of the trial court. See McDowell v. Interstate Oil Company (208 Iowa 641), supra.

II. But it is said by appellant that the appellee amended her petition after the opinion in this court reversing the previous judgment was handed down. Such amendment added to the petition a paragraph concerning the fact that other convenient and safe streets and avenues were open for appellant's use and travel. This, it is said, the appellee could not do for the reason that the statute of limitations had run before the amendment was filed. It is claimed, therefore, that a new issue is raised by the amendment, and that it is barred by the statute of limitations. Hence, appellant contends that the alleged issue

was improperly submitted to the jury. Manifestly, the appellant is incorrect in this regard.

Originally appellee pleaded that it was negligent for appellant to travel on Summit Avenue because of the aforesaid icy condition thereof. When appellee therefore pleaded that there were other safe ways, no new issue was raised. Rather than that, the amendment simply enlarged the allegation concerning an issue already in the case. Under the original pleading, appellee charged that the appellant used Summit Street when it was impassable. After the amendment, that was still the issue. Evidence concerning the other routes could well have been admitted under the original pleading without the amendment. Consequently, the statute of limitations is not involved. Plantz v. Kreutzer & Wasem, 192 Iowa 333; Russell v. Chicago, R. I. & P. Ry. Co., 160 Iowa 503; Gordon v. Chicago, R. I. & P. Ry. Co., 129 Iowa 747.

III. An objection is also interposed by appellant because the district court wrongfully instructed the jury. Several of the instructions are criticized. For some reason, appellant only set out a portion of the instructions. Many paragraphs are missing. Those paragraphs which are set forth in the record are correct as abstract propositions. Therefore, we cannot consider the assignment further here. Kreuger v. Sylvester, 100 Iowa 647; State v. Nichols, 38 Iowa 110; State v. Lauderbeck, 96 Iowa 258; Weinhart v. Smith, 211 Iowa 242.

IV. Complaint is also made by appellant because the district court improperly instructed the jury concerning the measure of damages. The jury returned a verdict for $4,800. This sum was reduced to $3,500 by the trial court, and judgment entered accordingly.

It is said by appellant that there is no basis for a judgment of this size. According to the record, Joe Robert McDowell was an unusually bright little boy, and his health was the very best. He made extraordinary progress in school. His father J. I. McDowell, during his lifetime, was a salesman for Charles E. Hires Company, and earned a salary of between four and five hundred dollars per month.

"* * * experience * * * teaches that children * * * very frequently pursue the same general class of business as that of

their parents." Walters v. The C., R. I. & P. R. Co., 41 Iowa 71 (local citation, 73).

"It is true, undoubtedly, that all children, when grown, do not follow the pursuit engaged in by either parent; but the instances are very many where they do, and this is as well within the observation and common knowledge of jurors as other everyday facts." Eginoire v. Union County, 112 Iowa 558 (local citation, 563).

"While there is, of course, no certainty that the child would have adopted the vocation of his father, this court has held that the probability of such choice is sufficiently strong to permit evidence of this nature as an element to be considered in the computation of damages." Fishburn v. Railway Company, 127 Iowa 483 (local citation, 487).

"Such evidence is received as tending to show what vocation the decedent likely would have followed but for his untimely death, and what the parent formerly did might have some bearing thereon." Meggison v. Maine & Sons Co., 160 Iowa 541 (local citation, 546).

Clearly, then, there is a basis for the damages allowed in the case at bar. No one can tell the exact damage to the boy's estate. Absolute certainty is impossible. Therefore, the foregoing evidence concerning the father's occupation is admissible. So, in accordance with the foregoing theory, the district court instructed the jury that the measure of plaintiff's recovery was the reasonable present value of Joe's life to his estate. That is in strict accordance with our holdings in Hammer v. Janowitz, 131 Iowa 20 (local citation, 27), and Droullard v. Rudolph, 207 Iowa, 367 (local citation, 370).

When presenting this subject-matter to the fact finding body, the district court made proper amplification, as required by the last-named citations, and consequently there is no basis for a reversal on this point.

Other matters are argued but because of the view taken in the foregoing discussion, they are not of such nature as to warrant a change of the district court's judgment.

Wherefore, the judgment of the district court should be, and hereby is, affirmed.—Affirmed.

FAVILLE, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.