PAUL WILKINSON, Appellee, v. INDIANOLA, Appellant.

No. 44259.

MARCH 15, 1938.

J. Berkley Wilson and M. D. Hall, for appellant.

Murray S. Spurgin, for appellee.

RICHARDS, J.—Plaintiff is owner of a residence property within the city of Indianola. Long before this controversy arose defendant city constructed, and had thereafter maintained and operated, a sanitary sewer system. In May or June, 1935, there were on three different occasions overflowings of sewage from out the top of a manhole that was a part of this sewer system. Plaintiff's property was lower than and in close proximity to the manhole, and so onto the property there flowed on these occasions a very considerable amount of the escaping sewage. Plaintiff alleged that defendant was negligent in its operation and maintenance of the sewer, and that such negligence was the proximate cause of the overflows and resulting damages. To recover these alleged damages this action was brought. There was a verdict and judgment in favor of plaintiff for $200, and therefrom defendant has appealed.

■■■ Defendant assigns as error the giving of certain portions of the court's charge to the jury. But there having been a failure to set out in the abstract the instructions in their entirety, we are unable to determine upon such a record, at least with any certainty, whether there was error, and if there may have been, whether it was prejudicial, warranting a reversal. State v. Williamson, 68 Iowa 351, 27 N. W. 259; Kreuger v. Sylvester, 100 Iowa 647, 69 N. W. 1059.

■■■ Defendant also urges that there was insufficient evidence to warrant submission to the jury of the question whether the city was guilty of negligence that was the proximate cause of plaintiff's damages. In respect to this contention the jury could have found that the sewer in question was one constructed and fit solely for sewage disposal, and unintended and inadequate for storm sewer purposes; that nevertheless in May or June, 1935, intakes were opened in order that surface waters resulting from heavy rainfalls might drain through this sewer; that the result was such an overcharging of the sewer that the overflowing from the manhole occurred on repeated occasions;

that the city knew of the damages that were resulting to plaintiff from this use of the sewer in a manner foreign to the purposes of its construction. We think a jury question was generated as to defendant's negligence, in using the sewer in the manner shown, and if there was negligence there can be no reasonable doubt as to its having been the proximate cause of the overflow and resulting damages. In argument defendant seeks to avoid liability by reference to the fact that at the time of these overflows a contractor was installing paving upon a street in defendant city, his contract being with the State Highway Commission and not with the city. Defendant urges that if there was any negligence it was that of the contractor. The difficulty is that there is no evidence supporting this last proposition, and if there had been there would naturally arise the further question whether the city could escape liability by attempting to delegate to some third person the city's duty to operate and maintain the sewer with ordinary care and prudence. No other question being raised by appellant, there is an affirmance.—Affirmed.

STIGER, C. J., and SAGER, HAMILTON, MILLER, DONEGAN, KINTZINGER, ANDERSON, and MITCHELL, JJ., concur.