CORNELIUS THINES, Appellee, v. L. F. KUKKUCK, Appellant.

No. 45250.

JUNE 18, 1940.

REHEARING DENIED SEPTEMBER 27, 1940.

Schoenthaler & Lee, for appellant.

L. S. Schroeder and Paul Ahlers, for appellee.

MILLER, J.—This is an action for replevin of a black angus heifer. The plaintiff's petition alleged that the plaintiff was the owner of the heifer, that the defendant wrongfully detained possession thereof, that the value of the heifer was $40. The prayer was for a writ of replevin, immediate possession of the heifer and costs. Defendant's answer was a general denial, except that he admitted the value of the heifer and that he had possession thereof. His prayer was for dismissal of the petition, for costs and for the return of the heifer or judgment for its value.

At the trial it was stipulated that the value of the heifer was $40. Plaintiff testified that he was the owner of the heifer. Defendant testified that he was the owner of the heifer and had possession of it when it was removed from his premises by writ of replevin. The cause was submitted to a jury, which returned a verdict for the plaintiff, that he is the owner and entitled to possession of the heifer described in his petition. Judgment was entered accordingly, and defendant appeals therefrom, having secured the necessary certificate from the trial court.

The only errors assigned for reversal pertain to the instructions given to the jury. The abstract sets out instructions Nos. 4, 7, 9 to 19, inclusive, 21 and 22. Instructions Nos. 1, 2, 3, 5, 6, 8 and 20 are obviously omitted. Apparently they are the only instructions omitted. At the outset, we are faced with the contention of counsel for appellee made at the oral argument, that, since the abstract does not contain all of the instructions, the assignments of error cannot be considered by us.

We have repeatedly recognized that, for this court to determine whether or not prejudicial error has been committed in the giving of instructions, the court must consider the instructions as a whole, and, where the abstract fails to set forth all of the instructions, we have refused to consider assignments of error which pertain to the instructions. Wilkinson v. Indianola, 224 Iowa 1285, 1286, 278 N. W. 326; Reardon v. Hermansen, 223 Iowa 1207, 1214, 275 N. W. 6, 9; McDowell v. Interstate Oil Co., 212 Iowa 1314, 1320, 237 N. W. 456, 459; Weinhart v. Smith, 211 Iowa 242, 246, 233 N. W. 26, 27; Newell v. Baird, (Iowa), 192 N. W. 817, 818; Kreuger v. Sylvester, 100 Iowa 647, 651, 69 N. W. 1059, 1060; State v. Lauderbeck, 96 Iowa 258, 261, 65 N. W. 158, 159; State v. Williamson, 68 Iowa 351, 354, 27 N. W. 259, 260; State v. Stanley, 48 Iowa 221, 224; State v. Nichols, 38 Iowa 110, 111. These cases involved instructions wherein the error, if any, might be cured by a proper instruction, and the instructions not set out in the abstract were presumed to be correct statements of the law and sufficiently curative to avoid any errors appearing in the instructions complained of. For this reason, the assignments of error were ignored.

However, this court has expressly recognized that there may be an error in the instructions which could not be cured by other instructions, and, in such a case, we have reversed the case even though only a part of the instructions was set forth in the abstract. Such a case is Bland v. Hixenbaugh, 39 Iowa 532, 535, wherein, after pointing out that the instruction complained of was erroneous, we state:

"Appellee further claims that but few of the instructions given are set out in the abstract, and that this may have been, and will be presumed to have been, modified by others. If this instruction contained no erroneous enunciation of law, and was merely defective in not stating enough, or not giving all the modifications to which it was liable, such would be the case. But there could be no modification of this instruction, presenting the law properly upon this subject, without being

in conflict with this instruction. And such conflict would of itself require a reversal of the case. Van Slyck v. Mills & Co., 34 Iowa, 375."

By reason of the foregoing, it is necessary for us to decide whether or not the errors complained of by appellant are of such a character that they could not be cured by proper statements of the law in the instructions which have been omitted from the abstract.

It would unduly prolong this opinion to set out the various instructions complained of and the contentions of counsel in regard to them. We have given careful consideration to all of the assignments of error interposed by appellant. In some instances, the instructions of the court are, to say the least, unfortunate and would appear to merit some of the criticism directed against them. However, we are not prepared to hold that the statements of law therein contained are so erroneous that the error could not be remedied by a proper statement in other instructions. We have repeatedly stated that the instructions must be read as a whole. In view of the fact that only a part of the instructions are set out, we cannot determine whether, reading the instructions as a whole, there was prejudicial error in the particulars complained of by appellant.

Accordingly, the judgment must be and it is affirmed.—Affirmed.

HAMILTON, C. J., and OLIVER, SAGER, MITCHELL, and BLISS, JJ., concur.