CHARLES V. BRUSSEAU v. THE LOWER BRICK COMPANY, a Corporation; GEORGE FAIRCHILD, EGBERT FAIRCHILD and HENRY R. LITTLE and LOWER BRICK COMPANY, Co-Partnership, Appellants.

**Examination of jurors.**  Connection with an employer's casualty 1 insurance company is a proper subject of inquiry on the examination of jurors in an action for injuries to a servant.

**Master and servant:** EVIDENCE: ADMISSIBILITY.  In an action for 2 injury caused by the breaking of an elevator cable, evidence as to what the commissioner of labor said when he examined defendant's factory was not competent, there being no showing that he examined the cable..

**Same:** SECONDARY EVIDENCE.  Evidence as to whether the labor 3 commissioner made any report to the witness regarding the factory was not objectionable because not calling for the best evidence, but as the relevancy of the report was not made to appear the exclusion of the evidence was proper.

**Instructions.**  In determining the correctness of an instruction the 4 court's charge must be considered as an entirety.

**Same:** HARMLESS ERROR.  A defendant cannot complain on appeal 5 of a direction to the jury to deduct from the amount found due the plaintiff any sum paid in an alleged settlement of the claim, on the ground that no counterclaim was pleaded.

**Argument:** MISCONDUCT. The question of misconduct in argument is an issue peculiarly within the discretion of the trial court.

**Conflicting instructions:** PREJUDICE. Although an instruction in an action for negligence authorizing a recovery regardless of any assumption of risk, and, one in which the jury is told that if plaintiff had assumed the risk he could not recover, are contradictory, yet where there is no evidence to sustain the plea of assumption of risk no prejudice arises.

**Master and servant:** SAFE MACHINERY: INSTRUCTIONS. A master is only required to exercise ordinary care and prudence in furnishing safe machinery with which employés are to work, and the instructions in the instant case when construed together are held to state the rule.

*Appeal from Woodbury District Court.*— HON. WILLIAM HUTCHINSON, Judge.

THURSDAY, FEBRUARY 7, 1907.

ACTION for damages caused by the breaking of an elevator cable. Judgment was entered for plaintiff. The defendant appeals.— *Affirmed.*

*M. L. Sears,* for appellants.

*F. E. Gill,* for appellee.

LADD, J.— The plaintiff was an employé of the defendant, and at the instance of its foreman was engaged in removing building blocks from the upper floors of its building. He had placed about one hundred and twenty of these blocks on a car and run it on the freight elevator. As this was descending, the cable broke, precipitating him, with the load, to the bottom, and seriously injuring him. Several errors are complained of as having occurred in the trial.

I. The jurors were examined on *voir dire* with respect to their connection with any employer's casualty insurance company. A like examination was approved in *Foley v.*

*Cudahy Packing Company,* 119 Iowa, 246, and since then
has been upheld by the Supreme Court of
Wisconsin. *Howard v. Beldenville Lumber
Company* (Wis.) 108 N. W. 48.    See also, *Antletz v. Smith,*
97 Minn. 217 (106 N. W. 517).    The inquiry was rightly
permitted.

1. EXAMINATION OF JURORS.

II. The manager of defendant testified that the State
commissioner of labor inspected its works about two weeks
before the accident.    Notice from him that three screws on
shafting were not guarded was produced, and,
after the witness had said he had had no con-
versation with the commissioner concerning
the elevator, he was asked whether that officer had made any
reference to the elevator, whether he had recommended any
changes or repairs other than as indicated in the notice, and
also whether anything was said concerning the elevator.    The
manifest object of .each of these inquiries was a negative
answer upon which to build an argument that defendant was
not put upon inquiry as to the condition of· the cable.    But
it was not shown that the commissioner had examined the
cable, and, if he had not, the defendant would have· no right
to rely upon anything he might say.    Moreover, the witness
had previously stated that he had said nothing on the sub-
ject, and there was no occasion for repetition.

2. MASTER AND SERVANT: evidence; admissibility.

The foreman of defendant was asked whether the com-
missioner had made any report to him about the plant.    As
this question merely called for the fact as to whether a
report had been made, it was not vulnerable
to the objection of not calling for the best
evidence.    The relevancy of such report was
not made to appear, however, and the ruling excluding an
answer was rightly sustained on this ground.

3. SAME: secondary evidence.

III. Most of the exceptions to the instructions given
are disposed of by adverting to the well-established rule that
the charge to the jury must be considered in its entirety.
When so considered, the suggestion that paragraph No. 4½

withdrew all defenses save that of settlement, and No. 5 all
except that of defendant's negligence, and
4. INSTRUCTIONS.  that No. 7 assumed that the cable was de-
fective, prove to be unfounded.

Instruction No. 12 is criticised for directing the jury
to deduct the $290.40 alleged to have been paid in settlement
from the amount of damages to which plaintiff was found to
be entitled, on the ground that no counterclaim
5. SAME:
  harmless  was pleaded. Manifestly this was not preju-
  error.  dicial to defendant. If, however, counsel
think otherwise, the error may be corrected by adding to the
judgment the credit said improperly to have been allowed.
No error was involved refusing the instructions requested;
for, in so far as correct, these were included in those given.

Whether there was any misconduct on the part of coun-
6. ARGUMENT:  sel in addressing the jury was an issue pe-
  misconduct.  culiarly within the discretion of the trial
judge, and we are not disposed to interfere with his con-
clusion.

IV. But two questions requiring attention remain, and
these are whether the issues of assumption of risk by plain-
tiff and negligence of defendant were properly submitted to
the jury. The answer set up that plaintiff
7. CONFLICTING
  INSTRUCTIONS:  had assumed the risk of the cable being defec-
  prejudice.  tive, and the court submitted that issue to the
jury in the ninth instruction. But in instruction No. 4½
the jury were told that, if the defendant was negligent and
the inquiry resulted therefrom without fault on plaintiff's
part, he was entitled to recover, unless they found that there
had been a settlement. Manifestly these instructions were
contradictory in saying that recovery might be had regardless
of any assumption of risk, and that if plaintiff had assumed
the risk he could not recover. *Quinn v. Railway,* 107 Iowa,
710 ; *Meyer v. Boepple Button Co.,* 112 Iowa, 51; *Christy v.*
*City Ry. Company,* 126 Iowa, 428. An instruction similar
to No. 4½ was held to have been without prejudice in

*Stomme v. Hanford Produce Company,* 108 Iowa, 137, owing to the manner of submitting all the issues later on in the instructions, and in *Wilder v. Great Western Cereal Co.,* 130 Iowa, 263, prejudice was obviated by the fact that the issues were such that a finding of the company's negligence necessarily negatived any assumption of risk by the party injured.    The instructions in the case at bar are necessarily conflicting, and therefore erroneous, but were not prejudicial, for the reason that the record is void of any evidence tending to show that plaintiff had knowledge of the condition of the cable or appreciated the danger involved in operating the elevator with it.    The mere fact that he had opportunity of ascertaining its condition by investigation, while assisting another in repairing the machinery connected therewith without exposing the cable to view, when inspecting it was no part of his duty, did not charge him with knowledge, and he must have appreciated the danger in order to have assumed the risk.    There was no evidence upon which to submit the issue, and in doing so the instructions were more favorable to appellants than they were entitled to have them.

V. The rule has been long established that the master is required only to exercise reasonable care in furnishing employés safe machinery and a safe place to work.    *Martin v. Des Moines Edison Light Co.,* 131 Iowa, 724; *Armour & Co. v. Russell* (C. C. A.) 144 Fed. 614.    Counsel for appellant contend that the charge of the court is open to the criticism of having laid down the rule as exacting safe machinery with which to work, regardless of the degree of care required to furnish it, as was done by the trial court in the case last cited.    The sixth instruction did say that the machinery as originally installed must have been reasonably safe.    Not a particle of evidence was adduced tending to show that it was otherwise.    The design in exacting reasonable care from the master in this respect is that the machinery shall be safe for the employé's use, and the presumption in favor of the per-

8. MASTER AND SERVANT: safe machinery: instructions.

formance of this duty is always indulged until the contrary is shown. Therefore it was to be inferred that defendant had exercised reasonable care in installing the elevator, and, as it is a matter of common knowledge that the result of such exercise of care is a reasonably safe elevator, the instruction exacting this condition when originally constructed was without prejudice. If evidence other than this inference that it was originally safe in the respect complained of were to be exacted, it may be found in the twelve years' use of the elevator without a change of cable. The rules with respect to the necessity of reasonable care in the matter of inspection and repair were correctly stated, and the evidence such that the defendant might well have been found negligent in these respects. True, the court at the beginning of the sixth instruction said it was the duty of defendant " to see to it that such machinery, when furnished and placed in position for use, is kept in a reasonably and ordinarily safe condition for such use." That was its duty, which was discharged by the exercise of ordinary care in its accomplishment, and the jury must have so understood ; for this sentence immediately was followed by an explanation of how it was to be discharged, namely: " To exercise over such machinery, when placed in position for use, such a decree of care and watchfulness as a reasonably prudent and careful man would give to like machinery under like circumstances." Later on in this instruction the jury was told that, if defendant " failed to keep said machinery in a reasonably and ordinarily safe condition for use," defendant should be found to have been negligent. This, however, was followed immediately by the explanation: " But you are instructed that if you find, from the evidence, that the machinery was reasonably and ordinarily safe for the purposes for which it was used, when placed in position for use, before the defendants can be held liable for defects occurring in the machinery after it has been placed in position for use, the plaintiff must show that the defendants had

knowledge of the defects, and that the defect, or defects, rendered it unsafe for such a length of time before the injury that, by the exercise of reasonable care, they might have remedied the defect, and avoided the injury, or that, by the exercise of such a degree of watchfulness and care as a reasonably prudent and careful man under like circumstances would have given to like machinery, they could and should have known of it for such a length of time before the injury as that they might have repaired the same, by the exercise of reasonable diligence, before the injury happened."

Any possibility of a misconception was obviated by the instructions following; for in the ninth the jury are plainly advised that the defendants " are liable for injuries resulting from defective machinery and appliances furnished its employés, when it has knowledge of such defect, and such defect rendered them unsafe for use, or when they might, by the exercise of ordinary care, have discovered the same, and it is the duty of the employer to exercise reasonable care to .furnish safe machinery and appliances, and to discover defects, if any, therein," and in the eleventh paragraph of the charge, which clearly and specifically laid down the correct rule with respect to the defendant's duty: " You are instructed, as a matter of law, that the defendants were not bound to provide machinery which was absolutely safe, nor to insure the safety of its employés under all circumstances, but were only under obligation to use reasonable and ordinary care, diligence, and skill, such as a reasonably prudent and careful person would be expected to use in procuring and furnishing suitable and safe machinery; and, if you find that the defendants exercised such care and diligence in selecting and using and keeping the machinery in repair and in a safe condition for use, they cannot be charged with negligence and the plaintiff cannot recover." While the statements with respect to safe machinery, standing alone, were inaccurate in the sense of being incomplete, they were not, as explained in connection with the correct rule as to defendant's liability,

misleading. The object had in the duty imposed on defendant was to provide safe machinery for use, and to this end the measure of such duty was the exercise of ordinary care and prudence. This was the thought conveyed to the jury in a way that could not well have been misunderstood.— *Affirmed.*