HARRY RAINES, Administrator, Appellee, v. L. E. WILSON, Appellant.

No. 41055.

1252

November 17, 1931.

Rehearing Denied February 17, 1932.

E. H. Pollard and Edw. Doerr, for appellee.

Smith & Swift and J. M. Maloney, for appellant.

WAGNER, J.—The defendant in his assignments of error alleges in substance: (1) that the court erred in overruling his objection to a question propounded to the jurors on their voir dire examination; (2) that the court committed error in one of the instructions; and (3) that the verdict is so excessive as to indicate passion and prejudice, which complaints will be considered by us in the order stated.

 The examination of the original twelve jurors was begun before the noon adjournment was taken. Upon the reconvening of the court, Mr. Pollard, of counsel for the plaintiff, said:

"Ladies and gentlemen of the jury, the Court has given me permission to ask one question which I did not ask this morning. I am going to ask this question generally and if there is an affirmative answer, you may indicate that by raising your right hand. Q. Are any of you or any of your immediate family stockholders in any insurance company?"

The appellant objected on the ground that "it is not proper as touching upon their qualifications in this case, and that defendant does not believe there will be any evidence in this case of insurance, and we move that our objection to the question by counsel be sustained." The objection was overruled, and the jurors answered in the negative. Upon the examination of the thirteenth juror, the plaintiff propounded the same interrogatory, to which the appellant interposed the objection that it is immaterial and not proper interrogation of the prospective juror as to his qualifications; that the record shows that it has been persistently asked by counsel, having been asked of each and every juror, and is prejudicial to the defendant; and that there will not be any evidence of an insurance company in this case; and that it is for the purpose of prejudicing or attempting to prejudice and mislead the jury. The objection was overruled, and upon the examination of three remaining jurors, the same question was propounded and the same objection made, and the same ruling made by the court. Nothing else occurred thereafter during the entire trial by way of remark, suggestion, insinuation or otherwise, that the defendant's liability was covered by insurance. The sole question for our determination at this point in this case is: Is it permissible for the plaintiff to propound to the jurors the simple question "Are you or any of the members of your family stockholders in any insurance company?"

It is the general rule as enunciated by this court that a wide latitude is necessarily allowed counsel in examining the jurors for the purpose of advising him as to how to exercise his peremptory challenges, and that the matter must of necessity be left largely to the sound discretion of the trial court, and that in the absence of bad faith on the part of counsel, or a manifest abuse of discretion on the part of the trial court, we will not interfere. See Simons v. Mason City & Fort Dodge Railroad Company, 128 Iowa 139; Ruby v. Chicago, Milwaukee

1254

& St. Paul Railway Company, 150 Iowa, 128; Foley v. Cudahy Packing Co., 119 Iowa 246; Brusseau v. Lower Brick Company, 133 Iowa 245; Mortrude v. Martin, 185 Iowa 1319. We deem it advisable to review our cases upon this important question.

In Simons v. Mason City & Fort Dodge Railroad Company, 128 Iowa 139, this court made the following pronouncement:

"A wide latitude is necessarily allowed counsel in examining jurors for this purpose, (advising him as to how to exercise his peremptory challenges) and must, of necessity, be left to the sound discretion of the trial court. The exact situation cannot be reproduced in cold type, and many things must be taken into account by the trial court which cannot be made of record or considered here. Consequently, our rule has been not to interfere in such matters save where there has been a want of good faith on the part of counsel, or a manifest abuse of discretion on the part of the trial court. Foley v. Cudahy Co., 119 Iowa 251, and cases cited. No such showing is made in this record as would justify us in reversing the case upon this ground."

It will be noted that in the instant case, counsel stated, before propounding the interrogatory to the twelve jurors, that the court had given him permission to ask this question. The question was propounded to the twelve jurors collectively and thereafter to each of the four additional jurors. Nothing in the record indicates bad faith or want of good faith on the part of counsel in propounding the interrogatory.

In Ruby v. Chicago, Milwaukee & St. Paul Railway Company, 150 Iowa 128, the court sustained the objection to certain questions propounded, the answer to which would have been beneficial to the defendant's counsel in exercising his peremptory challenges; and in passing upon the matter, this court made the following pronouncement:

"Under the rule existing in this state defendant was entitled to have these questions answered in order that it might intelligently exercise its peremptory challenges. Simons v. Ry. Co., 128 Iowa 139; State v. Dooley, 89 Iowa 584; Brusseau v. Lower Brick Co., 133 Iowa 245."

In Foley v. Cudahy Packing Co., 119 Iowa 246, the jurors

were asked this question: "Have you any connection of any kind with any casualty or employers' insurance company?" After which objection was made, overruled, and an exception taken. In passing upon this ruling, this court made the following pronouncement:

"It is common knowledge that many companies and corporations have been formed in this country for the purpose of, and are engaged in, the business of insuring employers of labor against damages growing out of personal injuries sustained by employes. Of necessity, such business is carried on by agents, and so it is that in most cities and towns one or more of such agents can be found. It is easy to understand that the interests of such companies lie on the defensive side of cases such as the one at bar. And if the defendant happen to be insured in some one or more of such companies, the interest becomes a direct and active one. That a defendant in an action of this character may be insured in some such company is immaterial of itself. But it is manifest that a plaintiff may not desire to have the jury which is to try his case made up, in whole or in part, of the agents or employes of such an insurance company. The fact of such employment would not constitute a ground of challenge for cause, but, as parties and their counsel cannot be expected to know personally every juror who may be called into the box, an examination sufficiently broad should be permitted to enable a party to determine upon his peremptory challenges. 'It is the general and well-established practice to allow considerable latitude in the examination of persons called to act as jurors, not only to facilitate the discovery of grounds for cause, but to enable the parties interested to discover any peculiarity or conduct, association, character, or opinion, or any predilection, of the person under examination, or other circumstance which, in the opinion of the examiner, might influence the person as a juror, and affect his verdict.' State v. Dooley, 89 Iowa 584. Such examinations must be left largely to the sound discretion of the trial court, and it is only when an abuse of such discretion is clearly shown that this court is authorized to interfere. The ruling complained of does not involve any such abuse of discretion."

In Brusseau v. Lower Brick Company, 133 Iowa 245, in passing upon this question, this court said:

"The jurors were examined on *voir dire* with respect to their connection with any employer's casualty insurance company. A like examination was approved in Foley v. Cudahy Packing Company, 119 Iowa 246, and since then has been upheld by the Supreme Court of Wisconsin. Howard v. Beldenville Lumber Company (Wis.) 108 N. W. 48. See also, Antletz v. Smith, 97 Minn. 217 (106 N. W. 517). The inquiry was rightly permitted."

In Flick v. Globe Manufacturing Company, 172 Iowa 561, the plaintiff was permitted to ask each of the jurors whether he was a stockholder in any casualty insurance company or connected in any way with such company, or whether any of his relations were so employed or interested, and relative thereto and as to a requested instruction thereon, this court made the following pronouncement:

"And of this the defendant complains, because counsel say the jury were thus informed, or must have inferred, that defendant was protected against liability by insurance. Although making this point in the assignment of errors, defendant, in argument, admits that such inquiries have been held competent. (Citing cases) * * * although the fact that the defendant is so insured is not competent evidence to go to the jury on the trial of the issues in the case. It is said, however, that, this examination of the jurors having beeen permitted, the court should have instructed the jury that there was no evidence before them of such insurance by defendant, and that it was error to refuse so to charge at defendant's request. We find no error in such refusal. Many lawyers are in the habit of wandering far afield in the examination of jurors upon *voir dire* and quizzing them upon their relationships, business connections, financial interests and not infrequently upon their political, religious and social affiliations: and to require the court to take notice of all these things and give special instructions thereon would only serve to obscure the issues being tried. Moreover, it being true, as counsel say, that there was no evidence whatever that defendant was in truth carrying any insurance, the court should not prolong its charge by instructing upon a subject

which every juror having sufficient intelligence to be allowed to run at large knows is not in the case. The jurors are sworn to try the case upon the evidence, and they are frequently admonished in the charge that their verdict must be returned upon the evidence and the evidence alone, and we must assume that they give heed to rules so laid down.''

We deem it not improper to say that in the instant case, the court in one of the instructions given to the jury told them:

"It will be your duty, as it will undoubtedly be your earnest aim and desire, to decide the case fairly and honestly upon the evidence and the law as presented to you, exercising your calm reason and judgment in arriving at your verdict.''

In Mortrude v. Martin, 185 Iowa 1319, the objection was sustained to the interrogatory as to whether the juror was directly or indirectly connected with any company which makes a business of insuring property owners or builders against damages growing out of personal injuries, and although the objection was sustained, the defendant predicated error upon the asking of the question, and in passing upon the matter, this court made the following pronouncement:

"Counsel for plaintiff may have had information that defendants were insured. Even though it was shown that the juror was so connected, and that it would not be a ground for challenge for cause, it might properly enough aid counsel for plaintiff in making their peremptory challenges. At any rate, there was nothing in the question to excite prejudice. We are unable to see any prejudice to the defendants. The trial court has a discretion in such matters. Furthermore, the asking of such a question was approved by this court in Flick v. Globe Mfg. Co., 172 Iowa 561, 568.''

In Ryan v. Trenkle, 199 Iowa 636, we said:

"One ground of complaint by appellant is that the verdict was excessive, and was manifestly the result of passion and prejudice, and that such passion and prejudice had been intentionally aroused by counsel for plaintiff, in bringing to the attention of the jury matters which were not proper for their consideration. * * * It is quite apparent that the verdict was

influenced by extraneous matter. One of such extraneous matters was the *diligent suggestion,* by examination of jurors *and otherwise,* that the damage sued for had been insured against. The impression thus conveyed to the jury naturally was that the action was a mere method of collecting insurance. This seems to be a growing practice of trial stratagem, which is not calculated to secure a fair trial, and which incurs the increasing disfavor of the courts. (Citing cases.) * * * In the light of what transpired on the trial concerning the subject of insurance, the excessive character of the verdict was a sufficient ground to warrant a new trial. It became evident that the defendants had not had a fair consideration from the jury on any issue.'' (Writer's italics.)

It will be noted that there is a clear distinction to be made between said case and the instant case. In the cited case there was *diligent suggestion* by examination of jurors *and otherwise.* In the instant case there is no *diligent suggestion* and nothing *otherwise* transpiring during the entire trial of the case relative to the question of insurance. Indeed, there is nothing in the record to the effect that the decedent was insured, except the statement of appellant's counsel in his brief and argument. In the cited case, the verdict was excessive; in the instant case, as we shall later see, the verdict is not excessive. In the cited case, there was stratagem *otherwise* by diligent suggestion relative to insurance which prevented the appellant from having a fair trial; in the instant case, there is nothing in the record showing that appellant did not have a fair trial, unless it be the mere fact that the court permitted an answer to the aforesaid interrogatory, or that the mere propounding of the question is in and of itself prejudicial to the appellant. We have held in the cases hereinbefore cited that this matter rests largely in the sound discretion of the trial court. We have also held in said cases that there is no reversible error, except when bad faith on the part of the examining counsel appears, or when the trial court has abused his discretion.

In Berridge v. Pray, 202 Iowa 663, we made the following pronouncement:

''Complaint is made of the argument of counsel. It is said that improper reference was made in argument to the

claimed fact that appellant carried liability insurance. There is some dispute as to what was said. In view of a reversal on another ground, it is not necessary that we determine the disputed question of fact, or whether what was said constituted prejudicial misconduct on the part of counsel. We have expressed ourselves in no uncertain terms on the ultimate question here involved,—the impropriety of suggesting to the jury that the damages sued for were covered by insurance. Ryan v. Trenkle, 199 Iowa 636. A like situation should not arise upon a retrial of the case.''

There is a clear distinction between the cited case and the instant case. The claimed impropriety in the cited case arose in argument to the jury. There is nothing of that sort in the instant case.

In Rudd v. Jackson, 203 Iowa 661, the question arose upon the cross-examination of one of appellant's witnesses, wherein the appellee's counsel *willfully and in bad faith* injected into the case and brought prominently before the jury the fact that the defendant's liability was insured. In passing upon the question, we made the following pronouncement:

"The record does, however, disclose that counsel for appellee persisted in interrogating some of the witnesses on cross-examination as to the relationship between them and one Mischler, who was the agent of the casualty company that had insured the risk, thereby bringing to the attention of the jury the fact that the defendant carried indemnity insurance. It is sought to justify the cross-examination upon the ground that it was proper, as bearing upon the interest of the witness. The examination, however, far transcended the proper limits of cross-examination, even for this purpose. Evidently, the principal purpose of the cross-examination was to get before the jury the fact that the defendant was protected against liability by insurance. We have heretofore criticized the attempt of counsel to inject this fact into the evidence for the purpose of its effect upon the jury. (Citing cases.) * * * Courts in many other jurisdictions have held that for counsel to *willfully bring before the jury* in a personal injury suit the fact that the defendant is protected by indemnity insurance is a ground for reversal. (Citing cases.) * * * While we do not mean to re-

strict the right of proper cross-examination for the purpose of showing the interest of the witness, we are convinced that, under the doctrine of the cited cases, the cross-examination in this case went beyond this purpose, and was, therefore, prejudicial to the appellant.'' (Writer's italics.)

There is a clear distinction between the instant case and the cited case. In the cited case, the action of counsel was *willful* and for the purpose of getting before the jury the fact that the defendant was protected against liability insurance. In the instant case, the interrogatory was apparently propounded to the jury in good faith in order to enable counsel to properly exercise his peremptory challenges.

In the examination of the jurors in Miller v. Kooker, 208 Iowa 687, the appellee's counsel on *voir dire* examination persistently inquired of the jurors ''whether they carried insurance on their cars, whether they were interested in any way in any organization writing insurance against liability for damages caused by accident, whether they wrote such insurance, or whether it was their duty to adjust claims for personal injuries.'' As stated in the opinion:

''Plaintiff's interrogatories to the jurors did not go to the question whether they * * * were connected with the Travelers' Company, (the company having the defendant's liability insured) * * *.''

One of the jury panel was an agent of the Travelers' Insurance Company, and counsel for defendant proposed that he might be excused without examination, and plaintiff's counsel insisted upon his examination in the presence of other jurors. Moreover, the counsel for plaintiff in his argument before the jury told them, ''We don't want your verdict in this case enhanced a single cent because of somebody else in this case.'' And we properly held that the persistent references to the matter of liability insurance constituted prejudicial misconduct. It will be noted that there is a clear distinction between the instant case and the cited case. In the cited case, the information was forcibly brought home to the jury by the persistent course of improper conduct pursued by appellee's attorney that the defendant's liability was insured. The interrogatories propounded

to the jury far transcended the import of the single interrogatory in the instant case, to wit: ''Are any of you or any of your immediate family stockholders in any insurance company?'' The persistent course of conduct which became repugnant to a fair trial in the cited case did not occur in the instant case. In other words, the persistent conduct pursued in the cited case, over the objection of appellant, was such as to constitute abuse of discretion on the part of the trial court.

In Ryan v. Simeons, 209 Iowa 1090, the case was properly reversed because of the persistent and diligent effort on the part of plaintiff's counsel to bring before the jury the fact that the defendant's liability was covered by insurance. In addition to the interrogatories propounded, which can be found by the reading of the opinion, the appellee's counsel by his interrogation of the witnesses brought home to the jury the fact that defendant's liability was insured. He attempted to show that the defendant's counsel was being paid by the insurance company, and in his argument to the jury, told them, in effect, that the defendant would never be compelled to pay any judgment rendered upon a verdict which they might return, which conduct, diligently and persistently pursued by the plaintiff's attorney in said case, we properly held to constitute prejudicial misconduct. A mere reading of the opinion clearly distinguishes it from the instant case.

In Stilson v. Ellis, 208 Iowa 1157, it was claimed that there was prejudicial error because of the fact that in certain admissions by the defendant, introduced in evidence, there was coupled with them the statements or declarations that they were insured. We there said:

''This conversation aforesaid was *innocently* related by the witnesses upon the stand, apparently without any thought of injecting prejudicial subjects into the record.'' (Writer's italics.)

It was also claimed that plaintiff's counsel referred to the subject of liability insurance in his argument to the jury, but the trial court held that whatever was said by appellee's attorney was a proper response to the argument of appellant's counsel, and that, therefore, no error occurred; and we sustained the trial court.

1262

In Siesseger v. Puth, 211 Iowa 775, the question was not considered because of non-compliance by the appellant with Rule 30 of this court.

The question which we are now considering has been passed upon by numerous courts, including our own. The overwhelming majority of the courts sustain the right of counsel for the plaintiff, in a personal injury case, so long as he acts in good faith for the purpose of obtaining information upon which to exercise his peremptory challenges *of the jurors,* and not for the purpose of informing the jury that an insurance company is back of the defendant of record, to interrogate prospective jurors by one form or another of questions, with respect to their interest in, or connection with, insurance companies. See 56 A. L. R., pages 1456, 1457, 1458. Twenty-seven of our sister states have passed upon the question and sustained the plaintiff's right to propound an inquiry such as was the one propounded in the instant case. See Note in 56 A. L. R., page 1456-1458, and cases there cited. It is clearly apparent that, if a litigant were denied the right to propound the question asked the jurors in the instant case, he might be compelled to accept a juror who is a stockholder in an insurance company, and probably the very one having defendant's liability insured. In the instant case, plaintiff's counsel who propounded the interrogatory was a nonresident of the county in which the case was tried. There is nothing unusual for jurors to own stock in corporations. Appellee in his written argument brings us the information that the Financial World of March 25, 1931, shows that of the families in the United States 27.2% thereof own stock in corporations. There was nothing odious in the general question propounded. We think it was a proper question to be asked, for the purpose of informing counsel relative to his right in exercising peremptory challenges, and, as held by our prior cases hereinbefore cited, that there was no abuse of discretion on the part of the trial court. There is nothing in the record to show want of good faith on the part of plaintiff's counsel; nothing to show a willful, diligent or persistent course or effort to impress upon the jury the fact that defendant's liability was insured. The verdict is not excessive, as hereinafter considered, and nothing to show that the defendant did not have a fair trial. We have not heretofore reversed when nothing more

transpired relative to insurance than occurred during the trial of the instant case. Appellant's contention at this point must be deemed without merit. Both counsel and the trial court should, indeed, be very careful, upon this proposition of the examination of jurors, and counsel should propound no questions upon this subject, except for the honest purpose of eliciting proper information to aid them in exercising peremptory challenges. If they proceed further than that, then bad faith on their part will be shown, and if the trial court permits transgression in this respect, then he will be guilty of abuse of discretion. All that we hold at this point is that no bad faith is shown in the instant case by the propounding of the one single question to the jurors in the manner propounded, and that the record fails to show abuse of discretion on the part of the trial court.

 The appellant contends that in one of the instructions, the court presented to the jury an issue which was not pleaded in the cause. There is no merit in this contention. The portion therein contained, to which appellant calls our attention, was clearly not submitted as the embodiment of a pleaded issue: The court in the closing words of said instruction told the jury, in substance, that in considering the question of negligence on the part of defendant, they were to consider only that submitted in the instructions: namely, the alleged negligence referred to in the petition. It is a familiar rule that instructions must be considered as a connected whole, and when so considered, it is apparent that the jury could not have misunderstood the pleaded issues submitted for their determination, upon which they were privileged to return a verdict in favor of the plaintiff.

 The plaintiff complains that the verdict of $3500.00 is excessive. The minor child, a girl, was a trifle over six and one half years of age. Her health was excellent; she had never been under a doctor's care; learned rapidly, and was being reared in a good family. That the verdict is not excessive, see Hively v. Webster County, 117 Iowa 672; Farrell v. Chicago, Rock Island & Pacific Railway Company, 123 Iowa 690; Ellis v. Republic Oil Company, 133 Iowa 11; Crawford v. McElhinney, 171 Iowa 606; McDowell v. Interstate Oil Co., 212 Iowa 1314. There can be no fixed rule as to the amount of recovery

in cases of this kind. There is nothing in the record to indicate that the verdict is the result of passion and prejudice.

We are firmly convinced that the appellant has in all respects had a fair trial, and the judgment of the trial court is hereby affirmed.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.