JAMES H. HOLUB, Appellee, v. DON FITZGERALD, Appellant.

No. 41161.

June 24, 1932.

H. J. Bryant and Putnam, Putnam & Forrest, for appellant.

Smith & Feeney, for appellee.

Faville, J.—Carolina Avenue in the city of Mason City runs north and south. It is intersected at right angles by Tenth Street and Eleventh Street. Twelfth Street does not intersect Carolina Avenue, but joins it on the east. At Twelfth Street Carolina Avenue, instead of continuing north, diverges to the northwest. In this manner something like a letter Y is formed by Twelfth Street and Carolina Avenue.

On April 1, 1930, the appellee was driving his automobile north on Carolina Avenue, following a street car that moved along the center of the street. He stopped in the rear of the street car near Tenth Street. The street car passed Eleventh Street and was approximately 100 feet north of Eleventh Street as the appellee approached to Eleventh Street. The street car stopped at Twelfth Street, and while it was standing at Twelfth Street the appellee turned west on Eleventh Street. As he was completing the turn and his front wheels had passed the west curb line of Carolina Avenue, he was hit by appellant's automobile coming from the north.

There is a conflict in the evidence as to whether appellant's automobile came from the east on Twelfth Street past the street car and then south on Carolina Avenue to the point of the collision, or whether it came south on Carolina Avenue from a point north and westerly from Twelfth Street. The evidence of the appellee is to the effect that before he attempted to negotiate the turn from Carolina to Eleventh Street he looked both north and south, and that he did not see the appellant's approaching car. There was evidence with regard to the speed at which the

appellant's car was moving as it is claimed it came from Twelfth Street around the street car southward on Carolina Avenue to the point of intersection.

■ I. The appellant complains of the examination of three prospective jurors on their *voir dire*. The general character of the questions asked these prospective jurors was whether they were *stockholders, officers, or directors of any insurance* company writing automobile liability insurance. The answers were all in the negative. Counsel for the appellant moved for a mistrial and for a discharge of the jury and a continuation of the case. The court interrogated counsel for the appellee with respect to his purpose in asking the questions to which exceptions were taken, and counsel replied in effect that the purpose was solely to guide counsel in the exercise of peremptory challenges. The court ruled that the matter had not been persisted in in such a way as to prejudice the rights of the appellant and overruled the motion to discharge the jury. Thereafter, no further questions of like character were propounded.

We have had a similar question before us recently in the case of Raines v. Wilson, 213 Iowa 1251, wherein we refused to reverse because of the claimed misconduct of counsel in propounding interrogatories of a similar character to prospective jurors upon their *voir dire*. We do not wish to be understood as holding that this practice is either to be commended or tolerated, at least in instances where it appears that the interrogatories are propounded for an improper purpose and are persisted in, and where it is evident that the purpose of the interrogatory is to bring an improper matter to the attention of the jury. The latitude that shall be allowed counsel in the examination of jurors upon their *voir dire* rests very largely in the discretion of the trial court. It is a matter of common knowledge that very wide latitude is usually allowed in this regard, perhaps often too wide for the expeditious disposal of litigation, and it is peculiarly within the province of the trial court to halt improper and prejudicial examination of jurors where an attempt is made to bring improper matter to the attention of the jury under the disguise and veil of interrogatories propounded on their *voir dire*. But a wide discretion must be left to the judgment of the trial court in dealing with situations of this kind when they arise, and we are not disposed

to reverse unless it is apparent that such discretion has been abused and that prejudice has resulted.

The instant case comes within the rule laid down in Raines v. Wilson, supra.

II. It is contended that the court erred in overruling the appellant's motion for a directed verdict on the ground that the evidence in behalf of the appellee did not negative contributory negligence on his part and that his evidence showed that he was guilty of contributory negligence.

It is a familiar rule of this court that contributory negligence as a general rule is a question for the jury. We think the record fairly presents a question for the determination of the jury as to appellee's contributory negligence, and that the court did not err in refusing to direct a verdict in behalf of appellant upon the ground of the claimed contributory negligence of the appellee.

III. The appellant contends that the court erred in stating the issues to the jury, the contention being that the court's instructions were a substantial copy of the allegations of the petition and that certain grounds of negligence therein referred to were not sustained by the evidence and that the court should have withdrawn these from the consideration of the jury and should not have stated them in enumerating the issues, even though no request for their withdrawal from the consideration of the jury was made by the appellant.

We have frequently condemned the practice of copying the pleadings in instructing the jury. It is proper for the court, preferably in its own way, to instruct the jury as to the precise issues made by the pleadings and upon which the jury must pass judgment in the determination of the case. The allegations of the petition were that the appellant was negligent in the following particulars, to wit:

"This plaintiff further states that said injuries were caused solely and proximately by the negligence and recklessness of the defendant, Don Fitzgerald, in the following particulars, to wit:

"First. The automobile of said defendant was being driven by him in a careless, negligent and reckless manner without due regard of the safety of others in excess of 25 miles an hour.

"Second. That said automobile was being driven in a reck-

less, negligent and careless manner and not under proper control.''

The allegations of the petition were general and the petition might well have been attacked by motion, but no such motion was filed. The court was therefore confronted with the proposition of submitting to the jury the grounds of negligence in the general manner in which they were pleaded. In so doing, however, the court instructed the jury as follows:

''The statutes of the state provide that the person operating a motor vehicle shall have the same under control, and shall reduce the speed to a reasonable and proper rate when approaching and traversing a crossing or intersection of public highways, and in residence districts the maximum speed shall be twenty-five miles per hour, and that before stopping, turning or changing the course of such vehicle, the operator shall first see that there is sufficient space to make such movement in safety, and in turning to the left from one street or highway into another shall pass to the right of and beyond the center before turning, and that where two vehicles are approaching on any public street so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way. It is further provided that the driver shall at all times drive the motor vehicle at a careful and prudent speed, not greater or less than is reasonable and proper having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and that no person shall drive any vehicle upon the highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, and a person so driving without due caution or inspection or so as to endanger or be likely to endanger the life or property of another, would be guilty of reckless driving. A violation of any of the above positive provisions as to speed or stopping and turning would be negligence in itself, and under all conditions the driver is required to exercise ordinary care, such as a person of ordinary care and prudence would exercise under the circumstances, failure to exercise which would be negligence, and if in this case the defendant was so negligent he would be liable for the proximate consequences thereof, as stated in these instructions, in the absence of contributory negligence of the plain-

tiff, and such failure to obey said statutes and to exercise such ordinary care by the plaintiff would be negligence on his part, which if it contributed in any manner or extent to the collision and injuries in question would defeat any right of recovery on the part of the plaintiff, even though you find the defendant was negligent.''

It is obvious that the instruction covers a much wider field than the general allegations of the petition would seem to warrant.

The first ground of negligence specified in the petition is of the same character as the allegation considered by us in Faatz v. Sullivan, 199 Iowa 875, and in Cooley v. Killingsworth, 209 Iowa 646, in which we held that allegations of negligence of this kind, especially when attacked by motion, were too general and indefinite to be the basis of recovery.

Was the court justified in instructing the jury in regard to the various statutes of the state respecting the operation of motor vehicles under allegations as broad and general as contained in the petition in this case? An allegation that an automobile ''was being driven in a reckless, negligent, and careless manner, and not under proper control,'' can scarcely be made the basis for an instruction on the law as to the reduction of speed of one operating a motor vehicle or approaching and transversing a crossing or intersection of a public street or highway, or when driving in a residence district, or that a motor vehicle shall not be driven at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead. In other words, the allegations of the appellee's petition were so broad and general in their terms as to undoubtedly require a more definite and concise statement if attacked by motion. This, however, was not done, but even so we think that the allegations are not sufficient to justify the court in giving the instruction covering in large measure the statutory law of the state respecting the operation of automobiles on the public highways and leaving it for the jury to determine whether or not the provisions of said statute were violated. The allegations of the petition did not call for the instruction regarding the various phases of the statutory law of the state as given by the trial court. We think the instruction, read in connection with the

other instructions defining grounds of negligence relied upon by the appellee, must have been confusing to the jury.

IV. In Instruction No. 4, after setting out the various provisions of the statute respecting the operating of motor vehicles upon the public highways, the court told the jury that:

"A violation of any of the above positive provisions as to speed or stopping or turning would be negligence in itself."

We have had before us quite frequently the question of whether the violation of a statute or ordinance respecting the speed of a motor vehicle is negligence as a matter of law,—that is, negligence *per se*,—or is only presumptive negligence or prima-facie evidence of negligence. Our cases are not altogether harmonious. We have recently had occasion to make a complete review of the authorities bearing upon this question, and our declaration and pronouncement in respect thereto is set forth in the opinion in the case of Kisling v. Thierman, 214 Iowa 911. Under the rule therein announced, this instruction pertaining to the operation of a car in a city was not erroneous as far as it went, but it should have also instructed the jury as to the right of the appellant to excuse such apparent negligence. See the opinion in the Kisling case for a full discussion of the question.

Other errors are discussed which we do not deem it necessary to consider in view of a retrial.

For the errors pointed out in the instructions of the court the judgment appealed from must be, and it is, reversed.—Reversed.

All justices concur.