OLIVE McCOY, Appellee, v. LEW COLE, Appellant.

No. 41659.

June 20, 1933.

Rehearing Denied December 14, 1933.

Nichol & Nichol, and Helsell, McCall & Dolliver, for appellant.

Lee, Steinberg & Walsh, for appellee.

Claussen, J.—I. Appellant contends with very great earnestness that counsel for appellee was guilty of prejudicial misconduct in getting to the jury the information that appellant carried liability insurance. The complaint in this respect is based upon the examination of the jurors, the testimony of two witnesses for appellee in relation to statements made by appellant at the scene of the collision shortly after it took place, and the cross-examination of doctors produced as witnesses by appellant. A statement of the facts and circumstances disclosed by the record as a basis of these charges would unduly lengthen this opinion. The entire record has been examined with care, and we reach the conclusion that appellant's contention cannot be sustained. In none of the matters complained of did counsel for appellee go beyond limits heretofore approved by the court. The trial at times became quite heated, but we find nothing in the record indicating a want of good faith on the part of counsel for appellee or any conduct from which we can infer that counsel were seeking to improperly inject the baneful element of insurance into the case. All of the matters complained of were passed upon by the trial court in ruling on the motion for a new trial. The record does not make a case in which we should interfere with its action. Raines v. Wilson, 213 Iowa 1251, 239 N. W. 36; Albert v. Maher Bros. Transfer Co., 215 Iowa 197, 243 N. W. 561; Stilson v. Ellis, 208 Iowa 1157, 225 N. W. 346.

II. The jury returned a verdict in favor of appellee for $8,000. Appellant complains that the verdict is excessive. The testimony of the various doctors who examined appellee is in very

great conflict, but the jury could fairly find that she received very serious injuries which will go with her through life. The injury occurred on the 5th day of March, 1931. The case was tried on the 18th day of January, 1932. At that time she was 39 years of age and had an expectancy of life of twenty-four years. She was a married woman. She and her husband were tenant farmers. She had been involved in an automobile accident five or six years before the one involved in this suit, but it fairly appears that any injuries received by her were of relatively minor importance. In any event the jury could fairly find that any injuries received by her in the prior accident had not impaired her health in any way. She had one son who was 19 years of age. She had done all the housework and raised chickens and took care of the garden and did the churning, and, in general, it may be said that she performed all of the work which falls upon the shoulders of the housewife on the average Iowa farm. The testimony in relation to the value of such services is that they were worth from ten to fifteen dollars a week. That such services are of substantial value is not subject to doubt. The plaintiff received many bruises which were painful but which were of no lasting importance. She received an injury to the third cervical vertebra. There was testimony to the effect that the spinal cord had been injured. The nerves which run to the left arm pass over the fractured portion of the vertebrae. It could be found by the jury that such nerves were injured with the result that the sensation and functioning of the arm were materially disturbed. Doctors ranking high in the medical profession testified that she would sustain a percentage of total and permanent disability as a result of her injuries equal to 15 per cent. She had been furnished leather supports for her neck which she wears as long as she can endure them. These supports, in themselves, evidently cause irritation, although they give a measure of relief from pain in other parts. She was not able to do any work from the time of the injury until the time of the trial other than of a supervisory nature. As a result of her injuries, she and her husband have abandoned farming. She props herself into a half sitting posture in bed and yet suffers pain. On the whole, the jury might find that she will permanently sustain a very substantial loss of ability to work, will be greatly inconvenienced in all that she does, and will permanently suffer considerable pain. The amount of the verdict has passed the scrutiny of the trial court. The verdict is large, but it finds such support

in the record that we are not inclined to disturb it. We reach the conclusion that the verdict should be permitted to stand.

III. The accident occurred on a straight stretch of gravel road, the traveled portion of which was about 24 feet in width. The driver of appellant's truck intended to turn south and enter upon a lane 16 feet in width. There is no evidence to indicate whether the lane was more conspicuous than its narrowness would suggest. In any event, on account of the fact that the truck was proceeding in a westerly direction, it would be necessary for the truck to be driven across so much of the road as was to the south of it in order to enter the lane. The testimony indicates that the car in which appellee was riding had been following the truck for some little distance; that in the immediate vicinity of the lane the driver of the car attempted to pass the truck. It is in evidence that before endeavoring to pass the truck the driver of the car sounded his horn several times. It was appellee's theory and claim that, as the car in which she was riding was being driven past the truck, the course of the truck was diverted southerly for the purpose of entering upon the lane, and that, when so diverted, the truck ran into the side of the car. There was testimony to sustain her theory and claim. The driver of the truck admitted as a witness that he gave no signal of any kind of his intention to change the course of the car. It is appellant's theory and claim that the course of the truck was not diverted to the south and that the truck was at all times north of the center of the traveled part of the road. With this very brief statement of the record we are in a position to examine the claim of appellant that the court erred in submitting to the jury the second alleged ground of negligence, which is, in substance, that the driver of the truck was negligent in failing to yield the right of way to the car when the driver of the car signaled that he was about to pass. In view of the fact situation disclosed by the record, there was no error in including the statement of this claim made by appellee in the court's statement of the issues presented by the pleadings.

Upon the basis of the statement of facts heretofore made, we think it is apparent that we cannot sustain appellant's claim that, because the truck was at all times north of the center of the road, appellee's injuries, as a matter of law, were not due to the negligence of appellant's driver, but were due to the negligence of the driver of the car, in which appellee was riding. There was evi-

dence in the record from which the jury might find that the truck was driven into the side of the car in which appellee was riding. The driver of the truck testified that he gave no signal of his intention to change the course of the car, and it could be found that he made no effort to ascertain whether he could turn his truck to the south in safety. The questions of the negligence of the driver of the truck and contributory negligence on the part of appellee were properly submitted to the jury.

Appellant also complains because in the statement of the issues the court stated that plaintiff claimed that there was a disturbance of the alignment of the cervical vertebra, because there was no evidence of such injury. It is true that the doctors did not in terms say that there was a disturbance of the alignment of the cervical vertebra. There was evidence however, from which any reasonable person might fairly infer that the injuries sustained by plaintiff had actually produced some disturbance in the relationship of the several vertebrae. Taking the instructions as a whole, the jury were limited to allowing appellee compensation for injuries established by a preponderance of the evidence. We reach the conclusion that the action of the court was sustained by the record and that the statement of appellee's claim in this respect could, in no event, be prejudicial to appellant.

We find no error in the record; consequently the judgment of the trial court is affirmed.

KINDIG, C. J., and EVANS, ALBERT, DONEGAN, and STEVENS, JJ., concur.