413 So.2d 1204 (1982)
Joel D. FOGEL, Teresa Ann Fogel and Fogel Industries, Inc., a Florida Corporation, Appellants,
v.
Stewart M. MIRMELLI, and Law Offices of Stewart M. Mirmelli, P.A., a Florida Corporation, Appellees.
No. 80-1680.
District Court of Appeal of Florida, Third District.
April 6, 1982.
Rehearing Denied June 7, 1982.
*1205 Frates, Jacobs, Farrar, Novey & Blanton and Terry S. Bienstock, Stephen Zukoff, Miami, for appellants.
*1206 Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellees.
Before HENDRY and SCHWARTZ, JJ., and OWEN, WILLIAM C., Jr. (Ret.), Associate Judge.
OWEN, WILLIAM C., Jr.
The jury trial of this legal malpractice action culminated in a verdict favorable to the defendant lawyer upon which judgment was entered. Plaintiffs contend that they were harmed when the court erroneously excluded certain evidence offered by them. We agree, and reverse the judgment and remand this cause for a new trial.
Defendant, a practicing lawyer, had been retained to handle plaintiffs' business and personal legal affairs. The issues were (1) whether defendant had been negligent in (a) rendering certain advice, and (b) handling of the defense of a foreclosure action filed against the plaintiffs by a third party, and if so, (2) whether such negligence was the legal cause of any loss or damage sustained by the plaintiffs. Although both parties offered opinion evidence from expert witnesses, the testimony on factual matters relating primarily to the communications between attorney and client, came largely from the plaintiffs, on the one hand, and the defendant lawyer and his legal secretary, Ms. Jackie Jaye, on the other. Their respective versions of the facts were in sharp conflict in many material respects, leading appellee's brief to characterize the trial as a "swearing contest between Fogel and Mirmelli [in which] one side or the other was not telling the truth." Since such a conflict in the factual testimony would necessarily require the jury to weigh the respective credibility of Fogel and Mirmelli, the foregoing characterization serves to graphically highlight the prejudicial effect on plaintiff of the trial court's erroneously excluding, in two instances, testimony which would tend to impeach the credibility of Mirmelli.
The first such instance related to the exclusion of the testimony of Ms. Linda Hart, an examiner of questioned documents. Prior to trial defendant had produced file copies of six letters addressed to Mr. Fogel, the contents of which would tend to be exculpatory of any negligence on defendant's part. At trial, during the plaintiffs' case, Mr. Fogel testified that plaintiffs never received these letters and that the contents of each was inaccurate. During the defendant's case, Ms. Jaye testified that she typed the letters and defendant testified not only that the letters had been typed by Ms. Jaye, but also that they had been typed on an IBM Selectric ball typewriter in his office. On rebuttal, plaintiffs called Ms. Hart for purposes of impeachment. The court sustained defendant's objection to the proffered opinion testimony of Ms. Hart on the grounds that (1) her testimony was substantive, and (2) she was not listed on plaintiffs' pre-trial witness list. The proffered opinion testimony of Ms. Hart was to the effect that the letters (1) were not typed on an IBM Selectric ball typewriter, (2) were typed on a different typewriter than that which had typed other letters which plaintiffs had in their possession from Mirmelli, and (3) were typed by someone with less typing skill than Ms. Jaye.
It is error for a trial court to exclude a witness from testifying at trial for failure of the party calling him to list such witness on a pre-trial catalog when the listing of such witness was not specifically required by pre-trial order of the court. Mall Motel Corp. v. Wayside Restaurants, Inc., 377 So.2d 41 (Fla. 3d DCA 1979); Lanai Development Corp. v. Berry, 373 So.2d 441 (Fla. 3d DCA 1979); Clarke v. Sanders, 363 So.2d 843 (Fla. 4th DCA 1978). In this case the pre-trial order requiring the parties to exchange written lists of the names of witnesses to be called at trial expressly excluded the listing of impeachment witness. Such a local custom and practice was approved as an exception to the disclosure standards announced in Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981). Consequently, if Ms. Hart's testimony was, in fact, impeachment in nature (rather than *1207 substantive) her testimony should not have been excluded merely because she had not been listed on the plaintiff's pre-trial witness list.
In Hartstone Concrete Products Co. v. Ivancevich, 200 So.2d 234 (Fla. 2d DCA 1967), the court, in drawing a distinction between substantive testimony and impeachment testimony, stated, at page 237:
If a witness' testimony bears directly on an issue made by the pleadings that testimony is substantive.... But where the testimony only becomes pertinent because of prior testimony and does not bear on an issue made by the pleadings, such testimony is for impeachment... .
Of course, the content of the disputed letters, having a direct bearing on the issue of defendant's alleged negligence, was substantive evidence. But Ms. Hart's testimony was not directed to the content of the letters which remained the same irrespective of the kind of typewriter upon which typed or the person by whom typed. Rather her testimony went to the veracity of the defendant and Ms. Jaye and became pertinent only because of prior testimony of these two witnesses on direct examination during the defendant's case. The import of the proffered testimony of Ms. Hart, if believed, would have tended to impeach the credibility of the defendant lawyer and his secretary, the only two fact witnesses for the defendant.
The second such instance related to evidence which would tend to impeach the defendant by means of a prior inconsistent statement. The court sustained objection to the proffered prior statement on the grounds that it was not inconsistent with the defendant's trial testimony. Without going into detail, suffice it to say we find that facially there were sufficient material variances between the defendant's trial testimony and his prior statement under oath to leave the question of inconsistency for the jury's consideration. See, McCormick on Evidence (Second Edition 1972), at page 68; Central Mutual Insurance Co. v. Newman, 117 So.2d 41 (Fla. 3d DCA 1960). Because the testimony of defendant was critical to the defense of this action, any attack on his credibility could have affected the verdict, and thus we view the errors in excluding the proffered impeachment testimony as harmful. McArthur v. Cook, 99 So.2d 565 (Fla. 1957).
A separate issue relates to the manner and circumstance under which the trial court exercised its discretion to limit the number of expert witnesses which plaintiffs were permitted to call. There was no pre-trial ruling limiting the number of expert witnesses the parties could call. To the contrary, an agreed order had been entered providing that the plaintiffs could call as expert witnesses all of the experts whose names had been disclosed either on the witness list or through answers to interrogatories. That list included the names of Professor Minnette Massey and William Friedlander, Esquire. When plaintiffs called Professor Minnette Massey, defendant objected on the grounds that Professor Massey had informed defense counsel several months previously that she did not plan to testify at the trial. The trial court sustained the objection and precluded this witness from testifying. At that point plaintiffs' counsel informed the court that they intended to call William Friedlander, Esquire, as an expert witness on the substantive law of foreclosure actions. Overruling defendant's objection, the court announced that the witness would be allowed to testify. After next introducing opinion testimony from Malcolm Wiseheart, Esquire, plaintiffs called Mr. Friedlander as their final expert witness. Defendant's objection on the grounds of duplication of evidence was sustained, the court announcing that Professor Massey was now also being excluded from testifying on the same ground.
Without question, the trial court has discretion to limit the number of witnesses which may be called by the parties, Ritter v. Jiminez, 343 So.2d 659 (Fla. 3d DCA 1977). However, the more typical situation in which the courts have found no abuse of the exercise of that discretion is when the limitation has been exercised either *1208 by pre-trial order or at least under circumstances which give the parties prior notice of the limitations imposed. See, e.g., Stager v. Florida East Coast Railway Co., 163 So.2d 15 (Fla. 3d DCA 1964), cert. denied, 174 So.2d 540 (Fla.), cert. denied, 382 U.S. 878, 86 S.Ct. 162, 15 L.Ed.2d 119 (1965). Rule 1.200(a)(4) Florida Rule of Civil Procedure, expressly provides that at the pre-trial conference the court may determine the limitation of the number of expert witnesses. While the rule does not prohibit, either expressly or by implication, the court from exercising, at a time other than the pre-trial conference, its discretion to limit the number of expert witnesses, the rule rather clearly implies fair forewarning before the limitation is imposed. The reason for the necessity of such fair forewarning, as explained in such cases as Ruby v. Chicago, M. & St. P. Ry. Co., 150 Iowa 128, 129 N.W. 817 (1911), and St. Louis, M & S.E.R. Co. v. Aubuchon, 199 Mo. 352, 97 S.W. 867 (1906), is simply that trial counsel, in seeking to present evidence for the maximum effect it will have upon the jury, not infrequently will, as a matter of tactics, reserve for last one of the more effective witnesses, the testimony of whom the party would be totally deprived should the court, prior to the calling of such witness and without forewarning, terminate the party's right to call further witnesses. As was stated in Lobue v. Travelers Insurance Co., 388 So.2d 1349 (Fla. 4th DCA 1980), the right to present evidence and call witnesses is a most important due process right of a litigant, the excluding of the testimony of a witness being a drastic remedy which should be invoked only under the most compelling circumstances.
By this opinion we do not seek to impose on the exercise of the trial court's discretion in limiting the number of witnesses, any restriction greater than that which we think has always been inherent in the decisional law of this state, namely, that any limitation placed on the number of witnesses to be called should be imposed only after trial counsel has had fair and adequate warning, so that if the limitation imposed requires a reduction in the number of anticipated witnesses, counsel may have fair opportunity to select (within the limitation imposed) the witness or witnesses whom counsel wishes to call. For the court to arbitrarily and without any advance notice terminate the right to call an additional expert witness is an abuse of discretion when, as in this case, it is made to appear that counsel had every reasonable expectation of calling such additional expert witness, the anticipated testimony is not merely cumulative, and the witness would have testified but for the unforewarned limitation precluding the party's right to call further witnesses.
While we would be hesitant to reverse for any one of these errors standing alone, we conclude that their cumulative effect precluded plaintiffs from receiving a fair trial and resulted in a miscarriage of justice. The judgment is reversed and this cause remanded for a new trial.